1  Courtney Ryles Caal

2  7557 Golondrina Dr.

3  San Bernardino, CA 92410

4

5  P: (909) 749-1039

6  E: Rylescaalcourtney7@gmail.com

7  Plaintiff in Pro se

8

```
FILED
CLERK, U.S. DISTRICT COURT
04/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY ____AP____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM
```

9

10                **UNITED STATES DISTRICT COURT**

11               **CENTRAL DISTRICT OF CALIFORNIA**

12                  **SAN BERNARDINO DIVISION**

13

14

15  COURTNEY RYLES CAAL,                **Case No.:**  5:25-cv-00900-RGK(PVC)

16      Plaintiff,

17
                                        Verified Civil Rights Complaint and Ex
18                                      Parte Application to Exceed Page Limits
                                        — 101 Causes of Action Arising from
19  v.                                  Unlawful Child Seizure, ADA Violations,
                                        Fraudulent Guardianship, and Systemic
20  RIVERSIDE COUNTY SUPERIOR           Misconduct
    COURT / JUDGE MAGDALENA
21  COHEN, et al.,

22

23      Defendants.

24

25

26

27

28

**I. INTRODUCTION AND PREFACE**

This case presents a federal emergency involving the unlawful and unconstitutional seizure of a child from his mother—Plaintiff Courtney Ryles Caal—without a warrant, without a dependency petition, without judicial findings, and without lawful authority.

For over 700 days, Plaintiff has been forcibly and illegally separated from her minor son, David Caal-Ryles, based on a fraudulent probate guardianship petition filed on May 8, 2023, by a private individual, Christopher Normand. That petition deliberately concealed and relied upon an unlawful child seizure carried out the day prior—May 7, 2023—by Riverside County CPS, law enforcement, and a San Bernardino County Sheriff operating off-record under the false identity of "Officer AOD."

The harm is not hypothetical. It is ongoing, compounding, and devastating.

Since that day, Plaintiff has been denied fundamental rights guaranteed by the Constitution:

- No adjudication of parental unfitness,

- No hearing on the merits,

- No dependency court oversight,

- No UCCJEA jurisdictional findings,

- And no lawful cause for the continued separation.

Instead, Plaintiff has been met with systemic suppression, intentional concealment, and procedural obstruction by state actors—including CPS agents, court investigators, judges, and attorneys—under color of law.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

This is not simply a lawsuit—it is a demand for emergency federal redress under the Constitution, civil rights law, and disability law, seeking to halt ongoing harm and restore lawful custody.

Plaintiff brings this action under:

- 42 U.S.C. § 1983 (civil rights violations),

- 42 U.S.C. §§ 12101–12213 (ADA Title II),

- 29 U.S.C. § 794 (Rehabilitation Act § 504),

- The Fourth and Fourteenth Amendments,

- California and federal tort law,

- The Racketeer Influenced and Corrupt Organizations Act (RICO),

- And all other applicable statutory and equitable doctrines.


**I. JURISDICTION AND VENUE**

1. This is a civil action for declaratory, injunctive, and monetary relief arising from systemic violations of the United States Constitution and federal civil rights statutes, including but not limited to:

    - The Fourth Amendment (unlawful seizure),

    - The Fourteenth Amendment (procedural and substantive due process violations),

- 42 U.S.C. § 1983 (civil rights violations under color of law),

- The Americans with Disabilities Act (ADA), Title II, 42 U.S.C. §§ 12101–12213,

- Section 504 of the Rehabilitation Act, 29 U.S.C. § 794,

- The Bane Act, Cal. Civil Code § 52.1,

- And potential predicate acts under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968.

2. This Court has subject matter jurisdiction pursuant to:

- 28 U.S.C. § 1331 (federal question),

- 28 U.S.C. § 1343 (civil rights and equal protection violations),

- 42 U.S.C. § 1983,

- 42 U.S.C. § 12133 (ADA enforcement),

- 29 U.S.C. § 794a(a)(2) (Rehabilitation Act enforcement),

- 28 U.S.C. § 2201–2202 (Declaratory Judgment Act),

- And Federal Rule of Civil Procedure 65 (TRO and preliminary injunction).

3. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they arise from the same common nucleus of operative fact.

4. Venue is proper in the United States District Court for the Central District of California, Eastern Division (San Bernardino) under 28 U.S.C. § 1391(b) because:

- A substantial part of the events or omissions giving rise to the claims occurred within this district;

- The unlawful removal, concealment, and retention of Plaintiff's child occurred in San Bernardino and Riverside Counties;

- Multiple defendants reside or are employed in this District;

- And the child, D.C.R., remains unlawfully detained under color of state law by actors within this jurisdiction.

5.  Plaintiff brings this action individually and as the natural mother of D.C.R., a minor child, to enforce her and her child's civil rights, seek declaratory and injunctive relief, and demand immediate return of custody and restoration of the familial relationship severed without lawful justification for more than 700 days.

## III. PARTIES

1.  **Plaintiff Courtney Ryles Caal** is a resident of San Bernardino County, California. She is the biological and legal mother of the minor child at issue. Plaintiff is a qualified individual with disabilities under the Americans with Disabilities Act (ADA), including documented visual impairment, physical injuries, and cognitive limitations. She has continuously asserted her parental rights since the unlawful removal of her child on or about May 7, 2023. Plaintiff appears pro se to vindicate her constitutional, statutory, and civil rights and those of her child.

2.  **Defendant Riverside County Superior Court** is a public entity and arm of the State of California, responsible for administering civil, probate, and

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

juvenile proceedings. It is sued for declaratory and injunctive relief under *Ex parte Young* for ongoing constitutional violations.

3.  **Defendant Judge Magdalena Cohen** is a Superior Court Judge in Riverside County. She is sued in her official capacity for injunctive and declaratory relief and in her individual capacity for nonjudicial acts outside her jurisdiction, including knowingly advancing void proceedings and denying ADA accommodations.

4.  **Defendant San Bernardino County Superior Court** is a public entity and arm of the State of California. It is sued for declaratory and injunctive relief based on jurisdictional violations during guardianship proceedings.

5.  **Defendant Judge Damien Garcia** is a Superior Court Judge in San Bernardino County. He is sued in both his individual and official capacities for presiding over a void proceeding without subject matter jurisdiction, denying Plaintiff access to the court, and ignoring jurisdictional objections in violation of clearly established law.

6.  **Defendant Riverside County Child Protective Services (CPS)** is a division of the Riverside County Department of Public Social Services (DPSS), a government agency tasked with child welfare investigations. CPS is sued for its role in the warrantless, extrajudicial seizure of Plaintiff's child on May 7, 2023, and for ADA and constitutional violations.

7.  **Defendant San Bernardino County** is a municipal entity responsible for oversight of public employees and departments, including the Children and Family Services (CFS) agency. It is liable under Monell v. Department of

Social Services, 436 U.S. 658 (1978), and for failure to supervise, train, and discipline employees engaging in unconstitutional and tortious conduct.

8.   **Defendant San Bernardino County Children and Family Services (CPS/CFS)** is a county agency responsible for the care and protection of children. It is sued for unlawful coordination with Riverside County CPS and private actors to seize Plaintiff's child without court order or lawful justification.

9.   **Defendant Danya Galarza** is a CPS social worker employed by San Bernardino County. She is sued in both her individual and official capacities for knowingly participating in a conspiracy to conceal jurisdictional defects, threaten Plaintiff with retaliatory action, and deny ADA accommodations.

10.  **Defendant Fatina Sanders Supervising CPS caseworker** employed by San Bernardino County. She is sued in both her individual and official capacities for failing to investigate material facts, suppressing exculpatory evidence, and contributing to the unlawful removal and concealment of Plaintiff's child.

11.  **Defendant Kyndal London** is a court investigator affiliated with San Bernardino Superior Court. She is sued in her individual and official capacities for submitting reports containing material omissions, knowingly misrepresenting Plaintiff's parental status, and denying Plaintiff a meaningful opportunity to be heard.

12.  **Defendant Danielle Kitchen** is a court-appointed Riverside CPS Social Worker/Investigations Region and 1513(b) investigator. She is sued in both her individual and official capacities for filing biased, incomplete reports,

disregarding exculpatory evidence provided by Plaintiff, and advancing a void guardianship petition in violation of her duties.

13.    **Defendant Mark H. McGuire (#261304)** is an attorney at Fullerton, Lemann, Schaefer & Dominick who served as a court-appointed Guardian ad Litem. He is sued in both his individual and official capacities for failing to disclose conflicts of interest, concealing jurisdictional flaws, and perpetuating false allegations under color of law.

14.    **Defendant Shelby (Shelton) Phillips (#318651)** is an associate attorney at William M. Nassar & Associates who participated in the guardianship case. She is sued in both her individual and official capacities for presenting misleading legal claims, suppressing material facts, and acting in furtherance of a constitutionally void proceeding.

15.    **Defendant Christopher Normand** is Plaintiff's brother and the petitioner in the underlying guardianship case. He is sued individually for filing fraudulent documents under penalty of perjury, abducting Plaintiff's child in conspiracy with public officials, and engaging in ongoing concealment and perjury. Notably, before law enforcement arrived on May 7, 2023, Normand physically assaulted Plaintiff's husband in front of witnesses.

16.    **Defendant Whitney Mims** is Plaintiff's sister and sister of Christopher Normand. She is sued individually for participating in the wrongful removal and concealment of the child, for false representations made to Riverside, San Bernardino CPS and law enforcement, and for aiding in the fraudulent guardianship petition.

17.    **Defendant Sheri Cruz** is a Probate Examiner employed by the Riverside County Superior Court. She is sued in her individual and official capacities for her role in Obstruction Under Color of Law for her Vacatur of March 28, 2025 hearing.

18.    DOES 1–50, inclusive, are individuals, supervisors, clerks, county agents, legal professionals, or law enforcement personnel whose identities are presently unknown. These Defendants acted individually and/or in concert with the named parties, and each is responsible in some manner for the violations and harms alleged herein. Plaintiff will seek to amend this Complaint to allege their true names and capacities when ascertained.

**STATEMENT OF FACTS**

**A. The Unlawful Seizure – May 5 to May 7, 2023**

1.    Plaintiff Courtney Ryles Caal is the biological and legal mother of David Humberto Caal Ryles, a minor child born and raised in California. Until May 7, 2023, David resided lawfully with his mother in San Bernardino County. No court had ever declared Plaintiff unfit, and no dependency, custody, or criminal proceedings had stripped her of her parental rights.

2.    On May 5, 2023, Plaintiff arranged a short, informal family visit for her minor child, David Humberto Caal Ryles, to spend time with her maternal relatives—Whitney Mims (Plaintiff's biological sister) and Christopher Normand (Plaintiff's brother)—at their home in Riverside County. The visit was voluntary and non-custodial, consistent with

familial cooperation. Plaintiff maintained full legal and physical custody and expected David to return within days. This arrangement was not court-supervised or ordered in any legal capacity.

2.1.    Leading up to this visit, Whitney Mims had made repeated and hostile verbal threats to Plaintiff regarding her intent to "take" David away. These threats were deeply rooted in long-standing resentment and ableist cruelty. Whitney, unable to have children due to infertility, had expressed jealousy and animus toward Plaintiff—often stating that it was "unfair" that her "retarded sister" had a husband, a home, and a child while she did not. These statements were made on multiple occasions and witnessed by other family members.

2.2.    Plaintiff had, on several occasions, attempted to keep her distance from Whitney due to this history of psychological abuse and toxic behavior. However, hoping to maintain limited familial contact for David's benefit, Plaintiff allowed the brief visit on May 5. Plaintiff remained in contact and never waived her rights or responsibilities as a parent.

3.    On May 7, 2023, everything changed. When Plaintiff called and requested that Whitney return her son home as scheduled, Whitney refused. Plaintiff became increasingly distressed, crying over the phone and pleading for the return of her child. Whitney continued to refuse. Alarmed and afraid, Plaintiff called the San Bernardino Police Department, who advised her to go directly to Whitney's home and call local authorities in Riverside County upon arrival.

4.    What unfolded next was a shocking and unconstitutional seizure. Upon arrival in Riverside, Plaintiff was met with obstruction and hostility. She was denied access to her

child and encountered a coordinated, unconstitutional seizure involving Riverside Police Officer Tuggle, Riverside CPS Intake Specialist " Roz", Riverside CPS Social Worker, Latonya Lewis, and an unidentified San Bernardino County Sheriff's deputy,( Officer Shannon, later revealed to be acting under color of law while concealing his identity as an "AOD Officer."

5. Before officers arrived, Plaintiff was confronted not only with hostility but with violence. Before officers arrived, Christopher Normand physically assaulted Plaintiff's husband and brandished a firearm; an incident that was documented in the police report to be unfounded.

6. Law enforcement escalated the situation by responding to a 911 call alleging "brandishing a firearm"—a claim determined to be unfounded according to Officer Tuggle's report. No weapon was recovered, no one was arrested, and no violence occurred on Plaintiff's part.

7. Riverside CPS, La Tonya Lewis unilaterally seized David, despite no judicial authorization, no declaration of exigency, and no investigation of Plaintiff.

8. Plaintiff was never arrested, accused, or subject to any legal action stemming from the abuse allegations made by Christopher Normand and Whitney Mims. She was treated as a suspect rather than a parent, and no attempt was made to determine fitness, offer voluntary placement, or conduct an emergency hearing. The seizure was done without a court order, warrant, or just cause.

9. Riverside CPS Social Worker Latonya Lewis proceeded to make placement and safety determination of the child without criminal history findings, without a warrant, a court

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

order, or any declaration of exigency. Critically, at no point to this day has Plaintiff been presented with a court order, warrant, or exigency determination.

10.  On May 7, 2023, Riverside CPS Social Worker Latonya Lewis unlawfully made " placement and safety" determination of Plaintiff's child without a warrant, without judicial approval, and without any documented exigency, in violation of the Fourth and Fourteenth Amendments, WIC §§ 306, 309, and 328, and Civil Code § 52.1.

**B. The Fraudulent Guardianship Scheme**

11. No dependency petition was filed. No hearing occurred. This administrative action constituted an unconstitutional seizure, under color of law, which persists without correction to this day.

12. **Meanwhile**, the adults currently housing David are all convicted felons with serious criminal histories.

13. Upon information and belief, based on personal observation and documented history, the adults currently housing David have criminal records, unstable personal lifestyles, and associations that raise serious concerns for child safety.

14. The San Bernardino Sheriff's deputy, officer Shannon, present at the seizure concealed his identity, failed to provide a badge number or report, and coordinated with Riverside CPS in a manner that evaded all legal safeguards. This color-of-law misconduct violated Plaintiff's Fourth and Fourteenth Amendment rights.

15.  Plaintiff's constitutional rights to family integrity, procedural due process, and protection from unlawful seizure were violated in a single coordinated act. Her child was removed without court review, without evidence of danger, and without any legal justification.

16.  Less than 24 hours later, on May 8, 2023, Christopher Normand filed a fraudulent
guardianship petition in San Bernardino Probate Court (Case No. GARVA2300124).

17. The guardianship petition filed by Christopher Normand, the maternal uncle of the minor,
is facially fraudulent, procedurally defective, and jurisdictionally void. It was not the
product of an independent legal action but rather the culmination of a coordinated scheme
between Normand, Riverside CPS, San Bernardino CPS, law enforcement, and complicit
court personnel, designed to deprive the Objector, mother of the child of her parental
rights without due process.

18. The petition falsely claimed no parent was available, despite records and facts showing
Objector's ongoing legal and physical parental status. This misrepresentation was not
only material but knowingly false.

19.  The petition was processed without scrutiny, without valid service, and without notifying
Plaintiff—who retained full legal custody at the time. It was granted based on
misrepresentations and omitted facts.

20. No sworn declarations of necessity were submitted, again violating Probate Code
§1510(a) which requires the petitioner to demonstrate by declaration that guardianship is
in the child's best interest and why parental custody is not viable.

21. No notice of hearings was served on Objector for the initial and critical stages of the
guardianship petition, including: (See Exhibit C: Docket Records and Lack of Proof of
Service)

22.  May 12, 2023 – Hearing scheduled just four days after the petition was filed, where
emergency decisions may have been considered.

23.  May 23, 2023 – Continued hearing where initial guardianship determinations were likely made.

24. June 20, 2023 – Key hearing to evaluate the petition's status and determine further custody orders.

25. Neither parent was served with a Notice of Hearing or a copy of the petition, as  required by Probate Code §1511 and Code of Civil Procedure §415.10.

26.  No valid waiver of notice exists in the record.

27.  These hearings directly impacted parental rights — the failure to provide notice deprived Objector of any opportunity to appear, object, or assert her custodial rights.

28. The docket contains no proof of service for these dates, and court minutes confirm that Objector was not present, establishing a clear record of due process denial.

**C. Due Process Violations and Jurisdictional Failure**

29.  This repeated failure to serve notice violates constitutional due process protections under the Fourteenth Amendment and California Constitution Article I, Section 7, rendering all resulting orders void for lack of jurisdiction under Peralta v. Heights Medical Center, Inc., 485 U.S. 80 (1988) and In re B.G., 11 Cal.3d 679 (1974).

30.  Material falsehoods were sworn under penalty of perjury, including knowingly false statements about Objector's status, CPS involvement, and the necessity for guardianship — a clear violation of California Penal Code §118 (Perjury).

31. No notice of hearings was served on Objector prior to the October 28, 2024, Transfer In hearing, violating basic due process under Probate Code §1511 and California Constitution, Article I, Section 7.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

32. The docket contains no proof of service, and Objector's absence from the hearing is a matter of record.

33.  These omissions were deliberate, intended to fabricate jurisdiction and effectuate custody transfer without judicial oversight.

34. Riverside Superior Court failed to provide legally required Notice of Hearing to Objectors (Courtney Ryles Caal and Carlos Caal) for the October 28, 2024 hearing

34.1.   On October 28, 2024, Transfer In Hearing - Letters of Temporary Guardianship were issued without the court establishing lawful jurisdiction, without findings of unfitness, and without adjudication under WIC § 300.

 — in direct violation of Probate Code § 1511(a) and constitutional due process under Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).

35. Riverside Superior Court unlawful accepted of a facially defective and procedurally incomplete guardianship petition without curing jurisdictional defects or ordering compliance with statutory prerequisites since October 28, 2024.

 — in violation of Family Code § 3421 and Probate Code § 1513.

36. Judicial assumption of wardship over the child without notice, hearing, dependency petition, or lawful finding of parental unfitness – without any lawful authority.

 — violating Santosky v. Kramer, 455 U.S. 745 (1982).

36.1 Failure to provide legally required Notice of Hearing to Objectors (Courtney Ryles Caal and Carlos Caal) for the October 28, 2024 hearing

 — in direct violation of Probate Code § 1511(a) and constitutional due process under Mullane v. Central Hanover Bank, 339 U.S. 306 (1950).

37. Improper assignment of a 1513(b) CPS investigator (Danielle Kitchens) based on allegations and in the absence of any open dependency case, triggering a guardianship procedure that mimics dependency without legal authority

    — violating WIC §§ 1513 and 300 et seq.

38. In January and February 2025, Investigator Danielle Kitchen submitted two biased reports that omitted Plaintiff's evidence and falsely accused her of abandonment.

39.  In December 2024, during an interview with Kitchen, Plaintiff communicated evidentiary dialogue—including proof of seizure, police report information, and CPS misconduct—to Court Investigator Danielle Kitchen.

40. Kitchen's subsequent reports (January 2 and February 14, 2025) completely omitted this evidence and falsely portrayed Plaintiff as having abandoned her child.

41. Danielle Kitchen, acting as a 1513(b) court-appointed Riverside CPS Investigator, knowingly suppressed exculpatory and jurisdictionally relevant evidence, creating a biased and incomplete record.

42. Danielle Kitchen, acting under Probate Code § 1513(b), had a non-discretionary legal obligation to disqualify or at minimum flag the home as ineligible due to the known felony conviction of Christine Ryles for willful cruelty to a child, in violation of Penal Code § 273a. Welfare & Institutions Code § 361.4(d)(2) expressly prohibits placement in any home where an adult resident has a felony conviction for child abuse or neglect, unless a waiver is affirmatively granted by the department. **No waiver was requested or granted.**

**D. ADA Exclusion, Suppression, and Retaliation**

42.1.   The child has remained in a private home with criminal occupants and no agency oversight, for over 700 days and no mention of a safety plan-while Plaintiff has been excluded from all meaningful participation. Unlawfully stripped of all parental rights.

42.2.   No judge has reviewed the May 7, 2023 Riverside County seizure. No proper background checks were conducted under Probate Code § 1513. This petition for guardianship was a judicial rubber-stamp of an unconstitutional process from day one.

42.3.   Plaintiff continues to be silenced in court. Hearings are vacated, filings are ignored, and her parental rights are treated as a nuisance by Defendants 1-15 and

42.4.   Over 700 days have passed since the May 7, 2025 illegal seizure. Her son has never been returned, and her rights have never been adjudicated.

43.  Plaintiff's objections, court filings, and motions were consistently ignored. Hearings were vacated without explanation. Her constitutional claims and ADA grievances were never addressed on the merits.

44. Meanwhile, the guardian—who once had a restraining order placed against him by his own mother—and where every adult member of the household are felons with multiple disqualifying felonies has continued to raise David without supervision or accountability.

44.1.   The emotional and psychological harm caused to Plaintiff is immeasurable. She has experienced trauma, systemic abuse, racial and ableist discrimination, and retaliation for asserting her rights. As a disabled Black mother representing herself, she has been deliberately excluded and targeted.

45.  Today—more than 700 days later—David remains unlawfully separated from his mother. He was removed without cause, order, or due process. No finding of unfitness has ever been made.

46. The guardian remains improperly vetted and unaccountable.

47.  Plaintiff has suffered profound emotional trauma, reputational harm, and institutional gaslighting. As a disabled, pro se Black mother, she has been met with systemic discrimination, obstruction, and retaliation—despite doing everything the law requires to protect her rights.

48. This case is not a custody dispute—it is a constitutional crisis, the result of state and private actors conspiring to circumvent due process, fabricate jurisdiction, and sever a lawful parental bond.

49.  This case involves not just errors—but fraud, conspiracy, and unlawful collusion between public officials, private actors, and judicial officers.

**E. Ongoing Harm and Constitutional Crisis**

50. The guardianship is void ab initio.

51. Jurisdiction has never been lawfully established in Riverside Superior Court

52. Jurisdiction has never been lawfully established in San Bernardino Superior Court.

53. The seizure of the child on May 7, 2023 was illegal. The failure to return David or adjudicate Plaintiff's rights is an ongoing constitutional violation.

Plaintiff files this action to vindicate her rights, reclaim her child, and expose the unlawful conspiracy that continues to harm her family. The seizure was unlawful. The guardianship is void. The trauma is ongoing.

//

VIII. ARGUMENT

This matter presents one of the most egregious violations of constitutional, parental, and disability rights to come before this Court. Plaintiff Courtney Ryles Caal has endured over 700 days of unlawful separation from her biological son as a result of Riverside CPS and La Tonya Lewis's warrantless and baseless child seizure, orchestrated without any adjudication of unfitness, dependency filing, or legal authority—violating federal and state law.

The removal and continued by custody denial occurred:

- Without a warrant, exigent circumstances, or dependency filing (Fourth Amendment violation).

- Without notice, hearing, or opportunity to be heard (Fourteenth Amendment violation).

- In deliberate denial of ADA accommodations despite Plaintiff's visual and cognitive impairments (Title II, ADA; Section 504, Rehabilitation Act).

- Through the suppression of evidence, judicial misconduct, and fabricated reports, knowingly submitted under penalty of perjury.

A. Federal Law Violations

- Fourth Amendment – Unlawful seizure.

- Fourteenth Amendment – Procedural & substantive due process.

- 42 U.S.C. § 1983 – Redress for deprivation of rights under color of law.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

- 42 U.S.C. § 12132 – ADA Title II.

- 29 U.S.C. § 794 – Section 504 of the Rehabilitation Act.

- FRCP 65 – Temporary restraining order and injunction standards.

- 18 U.S.C. §§ 1341, 1343, 1503, 1513, 1951 – If extended to RICO theory later: fraud, obstruction, retaliation, extortion.

B. California State Law Violations

- Fam. Code §§ 3400–3465 (UCCJEA) – No jurisdictional findings.

- Prob. Code §§ 1510–1513, 2200–2201 – Misuse of guardianship statutes.

- Welf. & Inst. Code §§ 309, 328, 361 – Bypassed dependency process.

- Civil Code § 52.1 (Bane Act) – Interference with civil rights via threats and coercion.

- Govt. Code § 11135 – State-level ADA violation.

- Penal Code §§ 132–134 – Suppression or fabrication of material evidence.

C. Bane Act (Cal. Civil Code § 52.1) Violations

Plaintiff's constitutional and statutory rights were violated by the defendants 1-17 and DOES 1–50 through coercion and retaliation, meeting the Bane Act's standard:

- Child was seized without lawful authority and based on false reports by Christopher Normand ( Guardianship Petitioner ),  household member Whitney Mims and complicit state agents.

- Plaintiff was told by San Bernardino CPS, Dayna Galarza to "leave her husband" under threat of losing custody, a textbook act of state-based coercion.

- San Bernardino County CPS social worker Dayna Galarza made an explicit threat to Plaintiff and two family members (Plaintiff's aunt and cousin).

- Ms. Galarza stated that if Plaintiff attempted to lawfully retrieve her son from the physical custody of Christopher Normand, CPS would "open a dependency case" against her.

- This threat was issued absent any court order, adjudication of parental unfitness, or lawful custody transfer.

- It was a coercive tactic designed to chill Plaintiff's exercise of constitutionally protected parental rights, violate her liberty interest in familial association, and deter lawful custodial recovery—all under color of authority and without due process. Such conduct constitutes retaliation, abuse of authority, and coercion in violation of 42 U.S.C. § 1983, the Fourteenth Amendment, and California's Bane Act, Civil Code § 52.1.Plaintiff's filings and ADA accommodation requests were repeatedly suppressed, showing intent to chill protected rights.

- These violations occurred under color of law and were not merely procedural but coercive, retaliatory, and discriminatory.

This is not a routine custody dispute. This is a state-enabled deprivation of a child, facilitated by fabricated reports, abuse of process, judicial misconduct, and systemic discrimination against a disabled, pro se mother who has been denied access to any meaningful forum for redress. The

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

facts are not in dispute: no dependency petition was ever filed, no fitness hearing was ever held, and no court order ever authorized the removal of Plaintiff's child.

Each named defendant is implicated through direct misconduct, coordination, or state-enabled action, establishing joint participation and concerted conduct sufficient to support claims under 42 U.S.C. § 1983 and related civil rights statutes.

**A. Plaintiff Was Denied Procedural and Substantive Due Process**

Under Santosky v. Kramer, 455 U.S. 745 (1982), and Troxel v. Granville, 530 U.S. 57 (2000), parents have a fundamental right to the care, custody, and control of their children. This right is constitutionally protected and may not be infringed absent due process of law.

Yet Plaintiff was never served with notice, never brought before a dependency court, and never given a hearing on her parental fitness. Instead, her child was effectively removed under color of law through a fraudulent guardianship petition, without the procedural safeguards required by Welfare & Institutions Code §§ 300–361, Probate Code § 1510, or Family Code § 3421.

CPS personnel—Danya Galarza, Fatina Sanders, and Kyndal London—knowingly concealed exculpatory evidence, including:

- The unfounded nature of the initiating police call;
- Lack of emergency;
- Plaintiff's lawful custodial status;
- Plaintiff's repeated efforts to retrieve her child.

No court has ever found Plaintiff unfit. The state's burden to prove unfitness by clear and convincing evidence was never met—because it was never even attempted.

**B. The Unlawful Seizure Violated the Fourth Amendment and Was Executed Without Legal Authority**

As held in Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000), the government cannot seize a child from a parent without a court order, a warrant, or exigent circumstances. The May 7, 2023 removal violated all three prongs.

Plaintiff was directed to Whitney Mims' residence after she called San Bernardino Police to retrieve her son. Upon arrival, Christopher Normand assaulted Plaintiff's husband, a fact documented in the police report. Despite this violent assault, Normand was never arrested or charged—demonstrating selective enforcement and protection of the conspirators.

A false police call alleging a firearm was used to escalate the incident, though no weapon was ever found. Yet this pretext allowed Riverside CPS Investigator Latonya Lewis, Officer Tuggle, and a concealed San Bernardino Sheriff's deputy (posing as "AOD Officer") to unlawfully seize David without court order or warrant.

Tuggle's own report confirms:

- No firearm or danger existed;
- The child was safe;
- Plaintiff was never accused of abuse or neglect;
- The seizure was executed without legal basis.

The Fourth Amendment was blatantly violated.

**C. Plaintiff Was Denied ADA Accommodations and Access to the Courts**

1   Plaintiff is a qualified individual with disabilities under Title II of the Americans with

2   Disabilities Act, yet:

3

4          •       No accommodations were provided;

5          •       No interactive process was initiated;

6          •       Court forms, hearings, and filings were inaccessible;

7          •       Her participation was repeatedly blocked or ignored.

8

9   This violates Tennessee v. Lane, 541 U.S. 509 (2004), and 42 U.S.C. § 12132. It also denies

10  meaningful access to justice under the Due Process Clause and Section 504 of the Rehabilitation

11  Act (29 U.S.C. § 794).

12

13  **D. The Guardianship Proceedings Are Jurisdictionally Void**

14

15  The guardianship case (PRRI2302864) is void ab initio due to:

16         •       No UCCJEA compliance;

17         •       No notice or service to Plaintiff;

18         •       No finding of unfitness;

19
20         •       Fraudulent representations that David had "no known parents."

21  See In re B.G., 11 Cal. 3d 679 (1974); Peralta v. Heights Medical Center, Inc., 485 U.S. 80

22
23  (1988).

24  This was a private, fraudulent attempt to terminate parental rights without initiating lawful

25  dependency proceedings.

26

27

28

**E. All Adults in the Guardian Household Are Felons With Dangerous Histories**

Despite painting Plaintiff and her husband as unfit, the household where David is now placed is far more dangerous:

- Every adult is a convicted felon;
- Whitney Mims has an active criminal case and appeared in court as recently as August 2024;
- The household engages in polyamorous relationships and daily alcohol consumption;
- At least one member has documented gang affiliations;
- Christopher Normand's own mother obtained a restraining order against him.

- In contrast:

  - Plaintiff has no criminal history;
  - Her husband has only a years-old DUI, used solely to discredit them;
  - The State and private parties have weaponized bias, race, and disability to portray Plaintiff as "unfit," while ignoring objective danger to the child in his current placement.

In addition to the criminality and dysfunction already outlined, Christopher Normand—the current petitioner and court-appointed guardian—has a personal history of abuse and family estrangement that renders him wholly unfit to serve as caretaker of any child, let alone Plaintiff's minor son.

For several years, Normand was denied contact with his own biological daughter due to repeated instances of emotional, verbal, and physical abuse of the mother of his child. When they lived together off Nisqualli Road in Victorville, California, reports were made regarding ongoing mistreatment, including screaming matches, demeaning insults, and physical aggression. As a result of these repeated harms, his daughter's mother ceased all contact and took steps to protect the child from further abuse, leading to a long-standing period of estrangement and protective distance.

This history was never disclosed in the guardianship proceedings and was never investigated by CPS or the courts, despite their statutory duty under Probate Code § 1513 to conduct background checks and home evaluations. This omission constitutes both gross negligence and deliberate indifference to the child's welfare.

Plaintiff, by contrast, has no such history. There are no substantiated allegations, no dependency actions, and no legal findings against her. Yet she has been forcibly separated from her child while Normand—an individual previously barred from contact with his own daughter due to abuse—is elevated to the role of "guardian" by a system that has refused to scrutinize his record.

**F. State and Private Actors Conspired to Deprive Plaintiff of Her Rights**

This case is not a misunderstanding—it is a coordinated conspiracy involving:

- Public actors (CPS, court staff, investigators);
- Judicial officers acting without jurisdiction;
- Private actors, namely Normand and Mims, who used threats, lies, and concealment.

See Dennis v. Sparks, 449 U.S. 24 (1980); Tower v. Glover, 467 U.S. 914 (1984). These facts also support claims under 42 U.S.C. §§ 1983, 1985(3), and 18 U.S.C. § 1962 (RICO).

**G. The Harm Is Ongoing and Irreparable**

For over 700 days and ongoing, Plaintiff has:

- Been denied custody without process;
- Missed milestones, birthdays, school events, and daily contact;
- Endured trauma, defamation, and procedural exclusion;
- Been discriminated against based on disability, race, and pro se status;
- Watched her child be raised in a household riddled with violence, substance use, and criminality.

This harm cannot be undone by monetary compensation alone. It demands immediate injunctive relief, vacatur of the guardianship orders, and federal intervention to halt continued constitutional violations.

**XI. DANGEROUS AND DISQUALIFYING PLACEMENT HOUSEHOLD**

**(Reckless Placement of Plaintiff's Minor Son in a Felon-Dominated, Polyamorous, Alcohol-Heavy Adult Environment in Violation of California Law and Federal Constitutional Rights)**

Plaintiff's minor son—the only child in the household—has been placed in a dangerously unfit and disqualifying environment, where at least five adults reside, four of whom are known to have criminal backgrounds, histories of violence or neglect, or otherwise disqualifying characteristics under California child welfare statutes. The remaining individual, a third person involved in a

known polyamorous relationship with Whitney Mims and her boyfriend, has not even been
identified by name in court filings or background documentation, further evidencing the total
lack of investigation or oversight.

**A. Plaintiff's Son is the Only Child Living Among Five or More Disqualified Adults**

- Plaintiff's son, a vulnerable minor, is the sole child resident in a residence occupied by at least five adults.
- These adults include:
- Christopher Normand (court-appointed guardian),
- Whitney Mims,
- Whitney's boyfriend (cohabitant and polyamorous partner),
- Plaintiff's own mother, and
- An unidentified third polyamorous partner in the Mims household.

This environment lacks any other children and presents a highly adult-centered atmosphere with
documented criminality, alcohol abuse, and complex interpersonal entanglements, none of which
are conducive to healthy child development or safety.

**B. Every Known Adult Is Disqualified Under California Law**

CHRISTOPHER NORMAND (Petitioner – Maternal Uncle)

Live Scan Results – DOJ Records:

- 09/28/2007 – San Bernardino

    o  PC 415(1) – Fighting/Challenging in Public (Misdemeanor)

      ○  PC 242 – Battery (Misdemeanor)

      ○  PC 602 – Trespassing (Misdemeanor)

- 02/11/2014

      ○  PC 487(a) – Grand Theft (Felony)

      ○  PC 496(a) – Receiving Known Stolen Property (Felony)

- 06/25/2014 – Victorville

      ○  PC 487(a) – Grand Theft (Felony)

- 05/07/2023

      ○  PC 242 – Battery (Misdemeanor)

           → *Prosecutor Rejected: Lack of Evidence (Note: You reported this was actually an assault on your husband)*

Summary: 3 separate felony-level theft charges, prior misdemeanors for violence and trespassing, and a May 7, 2023 battery charge in which he was the aggressor, not the victim.

WHITNEY MIMS (Household Member – Maternal Aunt)

Live Scan & Court Records:

- 03/29/2023 – Riverside

      ○  PC 243(d) – Felony Battery Causing Serious Injury (Active Case)

- 09/07/2007 – Barstow

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

o   PC 496(a) – Receiving Stolen Property (Felony) → Guilty/Convicted

o   PC 466 – Possession of Burglary Tools (Misdemeanor) → Dismissed

Summary: Active felony violence case, prior theft felony conviction.

ALEX CARTER (Household Member – Mims' Partner)

Live Scan – DOJ Records:

- 05/08/2011 – Long Beach

   o   PC 212.5(c) – Robbery 2nd Degree (Felony) → Dismissed

- 05/29/2015 – Riverside

   o   PC 459 – Burglary (Felony)  Convicted

- 12/23/2016 – San Diego

   o   PC 459 – Burglary (Felony) → Dismissed

   o   PC 182(a)(1) – Conspiracy (Felony)  Convicted

- 01/05/2017 – San Diego

   o   PC 459 – Burglary (Felony)  Convicted

Summary: Multiple felony convictions, including burglary and criminal conspiracy.

CHRISTINE RYLES (Household Member – Maternal Grandmother)

Live Scan & CLETS:

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

- 05/02/1988 – Los Angeles

  o  PC 273(a)(1) – Child Cruelty w/Injury or Death

- 09/27/2001 – San Diego

  o  PC 245(a)(1) – Assault w/Deadly Weapon (Felony)  Convicted

- 02/11/2024 – San Bernardino

  o  PC 496(a) – Receiving Stolen Property (Felony)

- 01/24/2014 – San Diego

  o  PC 487(a) – Grand Theft (Felony)  Convicted

  o  PC 592(b)(2) – Vandalism (Dismissed)

Summary: Convictions for child cruelty, assault with deadly weapon, theft, and more than 20 years of serious criminal behavior—still residing in the home.

Each of these facts, standing alone, would trigger a mandatory disqualification under WIC § 361.4, Probate Code § 1513(b), and applicable federal foster care funding guidelines. Collectively, they reveal gross negligence, deliberate indifference, and systemic fraud in the assignment and continuation of guardianship.

**C. Blatant Misuse of Bias and Disability to Justify Taking the Child from a Fit Mother**

- Plaintiff has no criminal record.
- Her husband has a single, years-old DUI, which has been weaponized to create a false narrative of unfitness.

- There are no dependency petitions, no substantiated allegations, and no court findings that Plaintiff or her husband ever endangered their child.

Yet her parental rights have been stripped away, and custody was granted to a man with a documented history of abuse, residing with multiple felons—a household that wouldn't pass even the most basic foster care inspection.

This is not just a violation of due process and equal protection, but a direct contradiction of California's own statutory rules for guardianship, and a textbook example of institutionalized bias and disability discrimination.

**D. Legal and Constitutional Violations Implicated**

This reckless and disqualifying placement supports and evidences the following causes of action:

- Violation of Plaintiff's Substantive and Procedural Due Process Rights (U.S. Const. amend. XIV)

- Negligent Entrustment of Custody and Failure to Investigate Household Safety (WIC §§ 361.4, 309; Prob. Code § 1513)

- Color of Law Misconduct and Deliberate Indifference (42 U.S.C. § 1983)

- Fraud on the Court and Judicial Misconduct

- Disability Discrimination under ADA Title II and Section 504 of the Rehabilitation Act

- Violation of Equal Protection Clause (disability, race, and poverty-based discrimination)

- Tortious Interference with Parental Rights

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

1

**MASTER INDEX OF CLAIMS FOR RELIEF AND LEGAL VIOLATIONS**

2

3

**Overview**

4

**Master Index of Causes of Action**

5

6

This section outlines 101 verified causes of action brought by Plaintiff Courtney Ryles Caal

7

against the named defendants. These claims stem from the unlawful seizure of her minor child,

8

fraudulent guardianship proceedings, and widespread violations of federal and state law by both

9

public officials and private actors.

10

11

Each category captures a distinct harm—civil rights violations, disability discrimination, denial

12

of parental rights, due process breaches, intentional torts, judicial misconduct, racketeering,

13

procedural fraud, and emerging torts involving psychological abuse and systemic retaliation.

14

15

Organized thematically, this index serves as a clear legal roadmap, illustrating the overlapping

16

constitutional, statutory, and common law violations that demand full adjudication and equitable

17

redress.

18

19

**SECTION X: EVIDENCE OF SYSTEMIC AND JURISDICTIONAL VIOLATIONS**

20

21

**(Including Violations of Probate Code § 1513(b), UCCJEA, ADA, Due Process, and the**

22

**Unlawful Use of Guardianship Proceedings)**

23

Plaintiff hereby incorporates by reference the following material documents as foundational to

24

this cause of action and supportive of numerous statutory and constitutional violations:

25

26

       •      May 8, 2023 Guardianship Petition

27

       •      May 8, 2023 UCCJEA Declaration

28

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

- "NO DOCKET" Court Status Report

- Probate Code § 1513(b) Reports dated January 2, 2025 and February 14, 2025

- March 3, 2025 Probate Order

Together, these records constitute prima facie evidence of systemic misconduct, unlawful jurisdictional manipulation, concealment of material facts, abuse of process, and denial of Plaintiff's constitutional and statutory rights.

**A. Jurisdictional Defects Under UCCJEA**

Under California Family Code § 3421 and the UCCJEA, a court may not assert custody jurisdiction unless the child has resided in that state for six consecutive months prior to proceedings. The May 8, 2023 petition confirms the child's home state was San Bernardino County, not Riverside.

"A California court has no authority to make an initial child custody determination unless California is the child's home state." — *In re C.T.*, 122 Cal.App.4th 1159, 1165 (2004)

"Jurisdiction under UCCJEA is neither waivable nor discretionary." — *Marriage of Nurie*, 176 Cal.App.4th 478, 495 (2009)

No order exists transferring jurisdiction from San Bernardino to Riverside.

Riverside County lacked jurisdiction and proceeded without any lawful transfer or emergency finding under Family Code § 3424. All resulting guardianship actions are therefore void ab initio.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**B. Docket Irregularities and Concealment**

The case record for *PRR12302864* reveals multiple hearings marked "No Docket," including critical motions and ex parte proceedings. No public record exists showing adjudication, rulings, or signed orders establishing lawful guardianship.

"Due process requires notice reasonably calculated to inform interested parties and an opportunity to be heard." — *Mullane v. Central Hanover Bank*, 339 U.S. 306, 314 (1950)

"Omission from the docket of a critical proceeding affecting family integrity constitutes a procedural violation of constitutional magnitude." — *Duchesne v. Sugarman*, 566 F.2d 817 (2d Cir. 1977)

This pattern of secrecy deprived Plaintiff of access, notice, and the ability to appeal—violating fundamental due process under the Fourteenth Amendment.

C. Violations of Probate Code § 1513(b) and Child Welfare Statutes

The two 1513(b) reports (dated 1/2/2025 and 2/14/2025) fail to satisfy their statutory mandates in multiple respects:

1. Incomplete Criminal History Assessment:
   The reports rely on incomplete live scan results and ignore confirmed felony convictions of household members, including violent and theft-related offenses. This omission violates Prob. Code § 1513(b)(2), which mandates full assessment of all adults in the home.

2. No CPS Cross-Jurisdiction Coordination:

Despite serious abuse allegations investigated in San Bernardino, Riverside County never consulted, referenced, or verified findings from the originating jurisdiction, violating WIC § 329(a), which requires inter-county cooperation for accurate risk assessment.

3. No Findings on Parental Capacity or Reunification Barriers:

The reports make conclusory statements that the parents are "not providing or caring" without any formal evaluation of reunification potential, protective capacity, or offered services—contrary to the intent of WIC §§ 300, 301, and 361.5.

4. Procedural Bias & One-Sided Interviews:

The reports uncritically adopt the petitioner's narrative while minimizing or omitting exculpatory evidence, conflicting accounts, and the fact that the sexual abuse claim was unsubstantiated in San Bernardino. No analysis of coaching, retaliation, or manipulative dynamics was conducted, despite red flags in the record.

5. Recommendation Issued Without Legal Standing:

The initial 1/2/2025 report explicitly admits that live scan results were pending, meaning the Department lacked sufficient information to make a lawful recommendation at that time.

**D. Fraudulent Abuse of Guardianship to Evade Dependency Jurisdiction**

Rather than initiating juvenile dependency proceedings as required under WIC §§ 300–366.26 for cases involving allegations of unfitness or emergency removal, Defendants proceeded through probate court to obtain de facto custody without due process or evidentiary hearing.

*"Guardianship cannot be used to circumvent dependency court jurisdiction." — In re A.G., 243 Cal.App.4th 675, 686 (2016).*

*"The state must provide reunification services unless the parent's rights have been terminated under proper procedures." — Santosky v. Kramer, 455 U.S. 745, 753 (1982).*

There was no formal removal order, no petition filed in dependency court, no TPR (Termination of Parental Rights), and no reunification case plan. This subverts the fundamental rights of a parent and violates both procedural and substantive due process under the Fourteenth Amendment.

**E. ADA and Section 504 Violations – Disability-Based Discrimination**

None of the filings, orders, or 1513(b) reports mention the Plaintiff's disability, despite documented evidence of her protected status under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act.

- No interactive process initiated
- No communication accommodations provided
- No acknowledgment of her disability in custody determinations

This constitutes discriminatory exclusion from public programs and judicial participation, in violation of:

- 42 U.S.C. § 12132 (ADA Title II)
- 29 U.S.C. § 794 (Rehabilitation Act § 504)

*"Title II of the ADA applies to all activities of state and local governments."* — Tennessee v. Lane, 541 U.S. 509 (2004).

*"Courts must reasonably accommodate disabled parents in proceedings affecting custody and family integrity."* — K.M. v. Tustin Unified School District, 725 F.3d 1088 (9th Cir. 2013).

DOJ Technical Assistance (2015): "Courts have an affirmative obligation to ensure accessibility and fair participation by disabled parents."

The court's silence on Plaintiff's status and refusal to offer accommodations reflects systemic ableism and exclusion.

**F. Pattern of Collusion, Suppression, and Misconduct**

- Defendants (county agencies, private parties, and court actors) collectively engaged in:
- Suppression of exculpatory and jurisdictional evidence
- Failure to notify Plaintiff of guardianship proceedings
- No warrant, court order, or exigent circumstances for the May 7, 2023 seizure
- No judicial finding of parental unfitness
- No transparency or recourse in court records

*"Absent exigent circumstances or parental unfitness, removal of a child without court order violates the Fourth and Fourteenth Amendments."* — Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000).

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

*"Due process includes the right to contest removal and be heard on the issue of custody." —*
*Doe v. Heck, 327 F.3d 492 (7th Cir. 2003).*

**Institutional Abuse of Process and Constitutional Violations**

- The collective record reveals a multi-tiered violation of Plaintiff's rights, including:

- Jurisdictional fraud and forum shopping

- Violation of custody protections under UCCJEA

- Procedural concealment and denial of access to court

- ADA and § 504 noncompliance

- Unlawful child seizure without due process

  - Misuse of probate court to suppress dependency oversight

  - Systemic collusion between public agencies and private actors

These events give rise to over 30 federal and state claims, including claims under 42 U.S.C. §
1983, Title II of the ADA, Section 504, RICO, and numerous tort theories. The guardianship is
void, the ongoing concealment is unconstitutional, and the trauma inflicted on both Plaintiff and
her minor child is irremediable absent federal intervention.

Plaintiff respectfully submits this section as core factual and legal foundation supporting her
claims for injunctive relief, declaratory judgment, and damages.

**FIRST CAUSE OF ACTION**

**Unlawful Seizure of a Child in Violation of the Fourth and Fourteenth Amendments**
**Legal Basis: 42 U.S.C. § 1983;** *Wallis v. Spencer***, 202 F.3d 1126 (9th Cir. 2000);** *Santosky v.*
*Kramer***, 455 U.S. 745 (1982)**

1  Plaintiff was deprived of custody of her minor child without notice, hearing, or adjudication of

2  parental unfitness. Defendants failed to provide constitutionally required procedural safeguards

3  before removing the child, violating clearly established due process rights under Mathews v.

4  Eldridge, 424 U.S. 319 (1976), and Santosky v. Kramer, 455 U.S. 745 (1982).

5

6  **Alleged Against:**

7

8  Riverside CPS, San Bernardino CPS, Investigator Latonya Lewis, Kyndal London, Danielle

9  Kitchen, Judges Cohen and Garcia, Danya Galarza, Fatina Sanders, Sheri Cruz, and Christopher

10  Normand.

11

12  **SECOND CAUSE OF ACTION**

13

14  **Violation of Substantive Due Process – Fourteenth Amendment (Familial Integrity)**

15  **(42 U.S.C. § 1983)**

16

17  Defendants interfered with Plaintiff's right to the care, custody, and control of her child—a

18  fundamental liberty interest—without compelling justification. Their actions shock the

19  conscience and violate Troxel v. Granville, 530 U.S. 57 (2000), and Wallis v. Spencer, 202 F.3d

20  1126 (9th Cir. 2000).

21

22  **Alleged Against:**

23

24  All named Defendants, including CPS workers, judicial officers, investigators, and private

25  parties.

26

27  **THIRD CAUSE OF ACTION**

28  **Violation of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132**

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

1    **and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**

2

3    Against

4    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

5

6    Plaintiff, a Black woman with disabilities, was subjected to disparate treatment and exclusion

7    from court processes due to her disability and race. Defendants' conduct constituted intentional

8    discrimination, violating Village of Arlington Heights v. Metropolitan Housing Corp., 429 U.S.

9    252 (1977), and Tennessee v. Lane, 541 U.S. 509 (2004).

10

11   CPS officials, court investigators, clerks, and ADA coordinators failed to engage in the

12   interactive process or provide accommodations necessary to ensure Plaintiff's access to the

13   guardianship and reunification process.

14

15   As a result, Plaintiff was denied an opportunity to participate in legal proceedings that

16   determined the custody of her child. Hearings were held without notice, filings were ignored, and

17   access to redress through grievance channels was systematically blocked.

18

19   **Alleged Against:**

20

21   Riverside Superior Court, San Bernardino CPS, Riverside CPS, Court Investigators, ADA

22   Coordinators, and DOES 1–15//

23

    //

24

25   //

26

27   //

28

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**FOURTH CAUSE OF ACTION**

**Retaliation for Exercising Constitutional Rights**

**(42 U.S.C. § 1983; First and Fourteenth Amendments)**

After asserting her parental and disability rights, Plaintiff experienced targeted exclusion, false reporting, and escalated interference in guardianship. Such retaliation is prohibited under CarePartners, LLC v. Lashway, 545 F.3d 867 (9th Cir. 2008).

**Alleged Against:**

CPS officials, investigators, court-appointed attorneys, and judicial officers.

**FIFTH CAUSE OF ACTION**

**Unlawful Seizure of Child – Fourth & Fourteenth Amendments**

**(42 U.S.C. § 1983**

The May 7, 2023 seizure occurred without a warrant, court order, or exigent circumstances, in violation of Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000) and Mabe v. San Bernardino County, 237 F.3d 1101 (9th Cir. 2001).

**Alleged Against:**

Riverside CPS, Investigator Latonya Lewis, Officer Tuggle, unidentified San Bernardino Sheriff's deputy, and CPS supervisors.

**SIXTH CAUSE OF ACTION**

**Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(2) & (3))**

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

Defendants acted in concert to deprive Plaintiff of her rights through fabricated filings, false reports, and exclusion from guardianship proceedings. Conspiracies under color of law are actionable per Dennis v. Sparks, 449 U.S. 24 (1980).

**Alleged Against:**

Christopher Normand, Whitney Mims, Kyndal London, Danielle Kitchen, CPS agents, court staff, and GAL attorneys.

**SEVENTH CAUSE OF ACTION**

**Failure to Prevent Civil Rights Violations (42 U.S.C. § 1986)**

Despite having the authority and knowledge to intervene, supervisory defendants failed to stop known constitutional violations, breaching duties outlined in Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988).

**Alleged Against:**

Supervisors in Riverside and San Bernardino CPS, Judges Cohen and Garcia, and court administrators.

**EIGHTH CAUSE OF ACTION**

**Denial of Access to Courts – First & Fourteenth Amendments (42 U.S.C. § 1983)**

Plaintiff was intentionally excluded from legal proceedings, denied notice, and prevented from participating meaningfully, violating her constitutional right to petition for redress (Bounds v. Smith, 430 U.S. 817 (1977)).

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

1

**Alleged Against:**

2

3

Court personnel, probate clerks, ADA coordinators, CPS investigators, and judicial officers.

4

**NINTH CAUSE OF ACTION**

5

6

**State-Created Danger Doctrine (42 U.S.C. § 1983)**

7

8

9

10

Defendants knowingly placed Plaintiff's child in a dangerous environment, increasing the risk of

harm and creating the danger that would not otherwise have existed, violating the doctrine as

recognized in L.W. v. Grubbs, 92 F.3d 894 (9th Cir. 1996).

11

**Alleged Against:**

12

13

CPS, Judges Cohen and Garcia, and court-appointed investigators.

14

15

**TENTH CAUSE OF ACTION**

16

**Loss of Familial Association – First Amendment Derivative (42 U.S.C. § 1983)**

17

18

Interference with the parent-child relationship implicates First Amendment freedoms of

19

association and expression as articulated in Roberts v. U.S. Jaycees, 468 U.S. 609 (1984), and

20

Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001).

21

22

**Alleged Against:**

23

24

All named Defendants.

25

**ELEVENTH CAUSE OF ACTION**

26

27

**Petition Clause Violation – First Amendment (42 U.S.C. § 1983)**

28

Defendants obstructed Plaintiff's ability to petition courts by ignoring filings, vacating hearings, and failing to adjudicate motions, violating BE & K Const. Co. v. NLRB, 536 U.S. 516 (2002).

**Alleged Against:**

Court staff, judicial officers, and probate administrators.

**TWELFTH CAUSE OF ACTION**

**Deliberate Indifference to Constitutional Rights (42 U.S.C. § 1983)**

Defendants acted with reckless disregard to Plaintiff's constitutional rights, despite notice and repeated filings. This meets the Farmer v. Brennan, 511 U.S. 825 (1994) deliberate indifference standard.

**Alleged Against:**

All supervisory Defendants and judicial officers.

**THIRTEENTH CAUSE OF ACTION**

**Denial of Equal Protection Based on Disability (42 U.S.C. § 1983)**

Defendants discriminated against Plaintiff due to her visual and cognitive impairments, excluding her from hearings and services. See Gorman v. Bartch, 152 F.3d 907 (8th Cir. 1998).

**Alleged Against:**

Riverside CPS, court staff, ADA coordinators, and court investigators.

//

**FOURTEENTH CAUSE OF ACTION**

**Color of Law Misconduct (42 U.S.C. § 1983)**

Defendants, acting under color of law, abused their positions to effectuate unconstitutional removal, concealment, and continued deprivation of custody. Monroe v. Pape, 365 U.S. 167 (1961) applies.

**Alleged Against:**

All public officials named in this Complaint.

**FIFTEENTH CAUSE OF ACTION**

**Fraud on the Court (Civil Rights Theory under § 1983)**

Defendants misrepresented key facts—such as Plaintiff's status as a parent—and excluded material evidence to perpetuate a void guardianship. Fraud undermining judicial integrity violates Plaintiff's due process rights (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)).

**Alleged Against:**

Christopher Normand, GALs, court investigators, and CPS personnel.

**SIXTEENTH CAUSE OF ACTION**

**Deprivation of Custody Under Color of State Law (42 U.S.C. § 1983)**

Plaintiff's custody rights were severed by actions taken under the guise of lawful authority, but with no legal foundation. This constitutes a clear violation of the Due Process Clause and Campbell v. Burt, 141 F.3d 927 (9th Cir. 1998).

**Alleged Against:**

Riverside CPS, San Bernardino CPS, and collaborating private actors.

**SEVENTEENTH CAUSE OF ACTION**

**Retaliation for ADA Complaints (42 U.S.C. § 1983; ADA Title II)**

Plaintiff was retaliated against after asserting her rights under the ADA, which constitutes unlawful interference with protected conduct under Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003).

**Alleged Against:**

Court administrators, ADA coordinators, and CPS supervisory personnel.

**EIGHTEENTH CAUSE OF ACTION**

**Suppression of Exculpatory Evidence – Brady-type Violation (42 U.S.C. § 1983)**

Defendants failed to disclose police reports, custody documentation, and material CPS records that would have exonerated Plaintiff and exposed the unlawful seizure. This suppression of exculpatory evidence violates due process under Brady v. Maryland, 373 U.S. 83 (1963), extended to civil contexts by Tennenbaum v. Williams, 193 F.3d 581 (2d Cir. 1999).

//

**Alleged Against:**

Latonya Lewis, Danya Galarza, Fatina Sanders, Danielle Kitchen, Kyndal London, and other investigative personnel.

**II. DISABILITY RIGHTS – FEDERAL AND STATE**

**A. Americans with Disabilities Act (ADA), Title II – 42 U.S.C. § 12101 et seq.**

**NINETEENTH CAUSE OF ACTION**

**Denial of Reasonable Accommodations (ADA Title II – 42 U.S.C. § 12132)**

Defendants failed to provide reasonable accommodations to Plaintiff—who has visual, neurological, and cognitive disabilities—despite notice of her limitations. These failures impaired her ability to access and participate in public services and legal proceedings in violation of Tennessee v. Lane, 541 U.S. 509 (2004) and Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

**Alleged Against:**

Court ADA coordinators, Riverside and San Bernardino CPS, Judges Cohen and Garcia, and court personnel.

**TWENTIETH CAUSE OF ACTION**

**Failure to Provide Effective Communication (ADA Title II – 28 C.F.R. § 35.160)**

Defendants did not ensure meaningful access to hearings, notices, or filings in formats accessible to Plaintiff given her disabilities. These acts denied her the ability to understand or respond to

critical developments, violating the ADA's mandate for effective communication and Chisolm v. McManimon, 275 F.3d 315 (3d Cir. 2001).

**Alleged Against:**

Court staff, ADA officers, probate clerks, and CPS caseworkers.

**TWENTY-FIRST CAUSE OF ACTION**

**Exclusion from Public Services (ADA Title II – 42 U.S.C. § 12132)**

Plaintiff was excluded from participation in and denied the benefits of public services (e.g., guardianship proceedings, protective services, ADA coordination) solely on the basis of her disabilities. See Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206 (1998) (ADA applies to all public entities and programs).

**Alleged Against:**

Court services and administrators, Riverside and San Bernardino CPS, and public guardianship systems.

**TWENTY-SECOND CAUSE OF ACTION**

**Retaliation under ADA Title II (42 U.S.C. § 12203(a)**

After requesting ADA accommodations and raising concerns about access, Plaintiff experienced exclusion, delays, and concealment of guardianship proceedings. Retaliation for protected ADA conduct is actionable under Shotz v. City of Plantation, 344 F.3d 1161 (11th Cir. 2003).

**Alleged Against:**

Court ADA officers, probate staff, and CPS administrative personnel.

**TWENTY-THIRD CAUSE OF ACTION**

**Constructive Denial of ADA Services (42 U.S.C. § 12132)**

By failing to act on known ADA requests or making services so inaccessible that Plaintiff could not effectively participate, Defendants constructively denied her access to services and justice. Constructive denial is a form of discrimination recognized in Pierce v. County of Orange, 526 F.3d 1190 (9th Cir. 2008).

**Alleged Against:**

Court ADA staff, judges, guardianship investigators, and CPS supervisors.

**TWENTY-FOURTH CAUSE OF ACTION**

**Failure to Engage in the Interactive Process (ADA Implementing Regs – 28 C.F.R. § 35.130(b)(7))**

Plaintiff's repeated efforts to request clarification and accommodation were ignored or obstructed, and no meaningful interactive process occurred, contrary to the ADA's mandate that public entities must engage with qualified individuals in identifying reasonable accommodations. See Duvall v. County of Kitsap, 260 F.3d 1124 (9th Cir. 2001).

**Alleged Against:**

ADA coordinators, court staff, CPS officials, and public guardianship entities.

//

**TWENTY-FIFTH CAUSE OF ACTION**

**Disparate Impact Discrimination (Facially Neutral but Harmful Practices)**

**(ADA Title II – 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(3))**

Facially neutral practices—such as rigid probate notice systems and in-person procedural requirements—had a disproportionate, harmful effect on Plaintiff due to her disability. These practices constitute disparate impact discrimination under ADA and its regulations. See Alexander v. Choate, 469 U.S. 287 (1985).

**Alleged Against:**

Judges, court administrators, and public agencies responsible for access policies.

**B. Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**

**TWENTY-SIXTH CAUSE OF ACTION**

**Disability-Based Discrimination by Federally Funded Programs (Section 504 – 29 U.S.C. § 794(a))**

As a federally funded public entity, Riverside CPS and associated court systems are prohibited from discriminating on the basis of disability. Plaintiff's exclusion from services, access barriers, and systemic retaliation violated this statute. See Mark H. v. Hamamoto, 620 F.3d 1090 (9th Cir. 2010).

//

//

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Alleged Against:**

Riverside CPS, San Bernardino CPS, judicial entities receiving federal funds, and all public programs operating under Section 504 obligations.

**III. FAMILY INTEGRITY / PARENTAL RIGHTS CLAIMS**

**TWENTY-SEVENTH CAUSE OF ACTION**

**Violation of Right to Familial Association (1st & 14th Amendments – 42 U.S.C. § 1983)**

The Constitution protects the parent-child relationship as a fundamental liberty interest. The forced, prolonged separation of Plaintiff from her child—without a judicial finding of unfitness, notice, or hearing—violated her substantive due process right to familial association. See Troxel v. Granville, 530 U.S. 57 (2000); Santosky v. Kramer, 455 U.S. 745 (1982); Wallis v. Spencer, 202 F.3d 1126 (9th Cir. 2000).

**Alleged Against:**

Riverside CPS, San Bernardino CPS, Christopher Normand, Whitney Mims, court investigators, Judges Cohen and Garcia, and GALs Danielle Kitchen and Mark McGuire.

**TWENTY-EIGHTH CAUSE OF ACTION**

**Wrongful Family Separation (Constitutional Tort under 42 U.S.C. § 1983)**

The unlawful seizure and continued concealment of Plaintiff's child, without legal authority, court order, or proper adjudication, constitutes a wrongful separation actionable under § 1983. Plaintiff was neither accused of abuse nor provided due process prior to separation, violating her constitutional rights. See Lee v. City of Los Angeles, 250 F.3d 668 (9th Cir. 2001).

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Alleged Against:**

Latonya Lewis, Officer Tuggle, San Bernardino CPS, Riverside CPS, and Christopher Normand.

**TWENTY-NINTH CAUSE OF ACTION**

**Custodial Interference – Civil Claim (California Penal Code § 278)**

Under California law, it is unlawful to maliciously withhold or conceal a child from their legal custodian. Christopher Normand and Whitney Mims refused to return Plaintiff's child upon demand, then filed fraudulent petitions to retain custody under false pretenses. Civil liability for custodial interference is recognized in In re Marriage of Condon, 62 Cal. App. 4th 533 (1998).

**Alleged Against:**

Christopher Normand, Whitney Mims, and those who aided or facilitated their interference, including Riverside CPS and court officers who failed to verify custody status.

**THIRTIETH CAUSE OF ACTION**

**Loss of Consortium – Parent/Child (California Common Law / Derivative of Constitutional Claims)**

The prolonged separation of Plaintiff from her minor child, without adjudication of unfitness or abuse, caused her to lose the daily love, companionship, and affection of her son. This loss constitutes emotional and psychological injury and is compensable under California law and federal civil rights doctrine. See M.B. v. City of San Diego, 233 F. Supp. 3d 1001 (S.D. Cal. 2017).

**Alleged Against:**

All named Defendants whose actions directly or indirectly contributed to the deprivation of Plaintiff's custodial and relational rights.

**THIRTY-FIRST CAUSE OF ACTION**

**Violation of Fundamental Parental Rights (Federal Constitution – 1st & 14th Amendments; California Constitution – Art. I, § 1)**

Both the U.S. and California Constitutions recognize parenting as a protected fundamental right. Defendants' conduct—including the unlawful seizure, concealment, and court concealment of Plaintiff's status—violated her right to make decisions concerning the care, custody, and control of her child. See Stanley v. Illinois, 405 U.S. 645 (1972); In re B.G., 11 Cal. 3d 679 (1974).

**Alleged Against:**

Riverside and San Bernardino CPS, Judge Garcia, Judge Cohen, Christopher Normand, Kyndal London, Danielle Kitchen, and all court officials who excluded Plaintiff from proceedings.

**THIRTY-SECOND CAUSE OF ACTION**

**Improper Delegation of State Power to Private Individual (Violation of Due Process – 42 U.S.C. § 1983)**

By permitting Christopher Normand—a private individual with a history of threats and violence—to act as de facto custodian through a fraudulent guardianship without court oversight, the State improperly delegated public authority to a private party. Such delegation of state power without safeguards violates due process and has been condemned by courts in Price v. State of Hawaii, 939 F.2d 702 (9th Cir. 1991) and Kugler v. Helfant, 421 U.S. 117 (1975).

**Alleged Against:**

Judge Cohen, Riverside Probate Court, Christopher Normand, and court staff who processed guardianship orders without proper review.

**IV. STATE LAW CLAIMS – CALIFORNIA TORTS**

**A. Personal Injury and Negligence-Based Torts**

**THIRTY-THIRD CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress (IIED)**

**Legal Basis:** California common law tort; see Hughes v. Pair, 46 Cal.4th 1035 (2009).

**Summary:** Defendants engaged in extreme and outrageous conduct—knowingly submitting false claims of abandonment, denying Plaintiff ADA accommodations, and concealing the unlawful seizure of her child. These actions were intended to, and did, cause severe emotional trauma.

**Alleged Against:** Riverside CPS, San Bernardino CPS, Christopher Normand, Whitney Mims, Judge Magdalena Cohen, Judge Damien Garcia, Danya Galarza, Fatina Sanders, Kyndal London, Danielle Kitchen, Mark H. McGuire, Shelby Phillips, and Sheri Cruz.

**THIRTY-FOUR CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress (NIED)**

**Legal Basis: Molien v. Kaiser Foundation Hospitals, 27 Cal.3d 916 (1980).**

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Summary:** Defendants owed Plaintiff a duty of care in handling custody and guardianship proceedings. Their breach of that duty foreseeably caused Plaintiff severe emotional distress.

**Alleged Against:** Same as above.

**THIRTY-FIFTH CAUSE OF ACTION**

**General Negligence**

**Legal Basis:** California common law; see Ladd v. County of San Mateo, 12 Cal.4th 913 (1996).

**Summary:** Defendants breached their general duties of care by failing to protect Plaintiff's rights, failing to investigate the unlawful seizure, and advancing a fraudulent guardianship.

Alleged Against: All named Defendants and Does 1–50.

**THIRTY-SIXTH CAUSE OF ACTION**

**Gross Negligence / Reckless Disregard**

**Legal Basis:** See City of Santa Barbara v. Superior Court, 41 Cal.4th 747 (2007).

**Summary:** Defendants acted with conscious disregard for Plaintiff's safety, rights, and dignity by refusing to correct the unlawful removal and ignoring her disability-based accommodations.

**Alleged Against**: Same as above.

**THIRTY SEVENTH CAUSE OF ACTION**

**Negligent Supervision, Hiring, or Retention**

**Legal Basis:** Doe v. Capital Cities, 50 Cal.App.4th 1038 (1996).

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Summary:** Supervisory Defendants failed to properly screen or discipline employees who engaged in fraudulent, biased, or discriminatory conduct.

**Alleged Against:** San Bernardino County, Riverside County, CPS directors, judicial administration, and Does 1–50.

**THIRTY- EIGHTH CAUSE OF ACTION**

**Negligent Entrustment of Custody**

**Legal Basis:** Allen v. Toledo, 109 Cal.App.3d 415 (1980).

**Summary:** Defendants unlawfully entrusted Plaintiff's minor child to a known dangerous individual (Normand) without investigation or justification.

**Alleged Against:** Riverside CPS, San Bernardino CPS, Danya Galarza, Fatina Sanders, Judge Magdalena Cohen, Sheri Cruz, and Kyndal London.

**THIRTY-NINTH CAUSE OF ACTION**

**Institutional Negligence**

**Legal Basis:** C.A. v. William S. Hart Union High School Dist., 53 Cal.4th 861 (2012).

**Summary:** Defendant agencies failed to implement safeguards, ADA protocols, or appropriate oversight. Their failure caused the unlawful deprivation of Plaintiff's parental rights.

**Alleged Against:** Riverside County, San Bernardino County, Riverside CPS, San Bernardino CPS, Superior Court administrators.

//

**B. Government Misconduct / Process Abuse**

**FORTIETH CAUSE OF ACTION**

**Abuse of Process**

**Legal Basis:** Rusheen v. Cohen, 37 Cal.4th 1048 (2006).

**Summary:** Defendants misused judicial and CPS procedures to wrongfully remove Plaintiff's child and obtain guardianship through fraudulent filings.

**Alleged Against:** Christopher Normand, Whitney Mims, Danielle Kitchen, Mark H. McGuire, Shelby Phillips, Sheri Cruz, Kyndal London, and Does 1–50.

**FORTY- FIRST CAUSE OF ACTION**

**Malicious Prosecution (Civil)**

**Legal Basis:** Bertero v. National General Corp., 13 Cal.3d 43 (1974).

**Summary:** Defendants initiated and continued guardianship proceedings without probable cause and with malice.

**Alleged Against:** Christopher Normand, Shelby Phillips, Danielle Kitchen, and supporting CPS staff.

**FORTY-SECOND CAUSE OF ACTION**

**Fraudulent Misrepresentation**

Legal Basis: Lazar v. Superior Court, 12 Cal.4th 631 (1996).

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

Summary: Defendants knowingly made false representations in court filings and investigative reports to deprive Plaintiff of custody.

Alleged Against: Christopher Normand, Whitney Mims, CPS personnel, court investigators, Shelby Phillips, and Mark H. McGuire.

**FORTY-THIRD CAUSE OF ACTION**

**Constructive Fraud  (Cal. Civ. Code § 1573.)**

Defendants with fiduciary or quasi-fiduciary roles failed to disclose material facts and misled the court.

Alleged Against: Danielle Kitchen, Kyndal London, Mark H. McGuire, Sheri Cruz.

**FORTY-FOURTH CAUSE OF ACTION**

**Fraudulent Concealment**

Legal Basis: Pashley v. Pacific Electric Co., 25 Cal.2d 226 (1944).

Defendants concealed the unlawful seizure of Plaintiff's child, suppressed police reports, and omitted Plaintiff from court filings.

Alleged Against: All named CPS Defendants, Christopher Normand, Sheri Cruz, and Does 1–50.

**FORTY-FIFTH CAUSE OF ACTION**

**Fraud on the Court (State Level)**

Legal Basis: In re Marriage of Stevenot, 154 Cal.App.3d 1051 (1984).

Alleged Against: Normand, Mims, CPS investigators, GALs, and court clerks.

**FORTY-SIXTH CAUSE OF ACTION**

**Civil Conspiracy**

Legal Basis: Wyatt v. Union Mortgage Co., 24 Cal.3d 773 (1979).

Defendants acted in concert to interfere with Plaintiff's rights and conceal misconduct.

Alleged Against: All named Defendants.

**FORTY-SEVENTH CAUSE OF ACTION**

**Tortious Violation of Civil Rights (California Constitution; common law.)**

Defendants violated clearly established rights under state law through intentional and reckless acts.

Alleged Against: All named Defendants.

**FORTY-EIGHTH CAUSE OF ACTION**

**Ultra Vires Acts (California Correctional Peace Officers Assn. v. State Personnel Bd., 10 Cal.App.4th 132 (1992).)**

Defendants exceeded their lawful authority by issuing guardianship orders and removing Plaintiff's child without jurisdiction.

Alleged Against: Judge Cohen, Judge Garcia, Sheri Cruz, CPS supervisors.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**FORTY-NINTH CAUSE OF ACTION**

**Spoliation of Evidence (Intentional or Negligent) (Cedars-Sinai Medical Center v. Superior Court, 18 Cal.4th 1 (1998).)**

Defendants failed to preserve critical documents, audio recordings, and evidence of the May 7, 2023 seizure.

Alleged Against: CPS departments, court administration, and attorneys.

**FIFTIETH CAUSE OF ACTION**

**False Light Invasion of Privacy (Gill v. Curtis Publishing Co., 38 Cal.2d 273 (1952).)**

Defendants portrayed Plaintiff as an absent, unfit mother in official records and reports.

Alleged Against: CPS agents, court investigators, Normand, Mims.

**FIFTY-FIRST CAUSE OF ACTION**

**Defamation (Libel/Slander in Reports & Court Filings) (Cal. Civ. Code §§ 44–46.)**

Defendants knowingly published false statements about Plaintiff's fitness and status.

Alleged Against: CPS agents, court investigators, Normand, Mims.

**FIFTY-SECOND CAUSE OF ACTION**

**Tampering with Evidence (Penal Code § 141)**

Defendants altered or suppressed critical evidence to mislead the court.

Alleged Against: CPS investigators, Normand, and Does 1–50.

**FIFTY-THIRD CAUSE OF ACTION**

**Fabrication of Official Records**

Legal Basis: Devereaux v. Abbey, 263 F.3d 1070 (9th Cir. 2001).

Summary: False records were submitted to support guardianship.

Alleged Against: CPS agents, investigators, and GALs.

**FIFTY-FOURTH CAUSE OF ACTION**

**False Swearing (Cal. Penal Code § 118; People v. Von Tiese, 36 Cal.2d 439 (1950).)**

Defendants submitted declarations under penalty of perjury containing known falsehoods.

Alleged Against: Normand, Mims, Shelby Phillips, and CPS investigators.

**FIFTY-FIFTH CAUSE OF ACTION**

**Breach of Statutory Duty (Negligence Per Se)**

**Legal Basis: Elsner v. Uveges, 34 Cal.4th 915 (2004); Cal. Evid. Code § 669.**

Violations of the Probate Code, Welfare & Institutions Code, and ADA amounted to negligence per se.

Alleged Against: All public agency defendants and legal professionals acting under color of law.

**C. Property & Economic-Related Torts**

//

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**FIFTY-SIXTH CAUSE OF ACTION**

**Conversion (Wrongful Control over Child/Custody)**

**Legal Basis: Fremont Indem. Co. v. Fremont Gen. Corp., 148 Cal.App.4th 97 (2007).**

Plaintiff's lawful custody of her child was usurped through unlawful seizure and guardianship.

Alleged Against: CPS agencies, Normand, Mims.

**FIFTY-SEVENTH CAUSE OF ACTION**

**Tortious Interference with Parental Rights (Cal. Civ. Code § 43.)**

Private parties and state actors wrongfully interfered with Plaintiff's right to custody and parent-child relationship.

Alleged Against: Normand, Mims, CPS officials, and court investigators.

**FIFTY-EIGHTH CAUSE OF ACTION**

**Tortious Interference with Prospective Economic Relations (Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134 (2003).)**

By damaging Plaintiff's reputation and custodial rights, Defendants hindered her housing, employment, and legal standing.

Alleged Against: All named Defendants.

**FIFTY-NINTH CAUSE OF ACTION**

**Unjust Enrichment / Restitution (Ghirardo v. Antonioli, 14 Cal.4th 39 (1996).)**

Defendants unlawfully benefited from custody, kinship payments, and access to services obtained by fraud.

Alleged Against: Normand, Mims, CPS, and any agency or entity receiving public funds tied to the child's placement.

**V. RICO & ENTERPRISE CLAIMS**

**(18 U.S.C. § 1961 et seq.)**

**SIXTIETH CAUSE OF ACTION**

**Civil RICO – Pattern of Racketeering Activity (18 U.S.C. §§ 1962(c), 1964(c))**

Defendants engaged in a coordinated and ongoing pattern of racketeering activity—including fraudulent court filings, concealment of exculpatory evidence, and misuse of government authority—to unlawfully deprive Plaintiff of custody of her child. These acts meet the RICO predicate standards of mail and wire fraud, obstruction of justice, and kidnapping under color of law.

**Precedent:** Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985); Hemi Group, LLC v. City of New York, 559 U.S. 1 (2010)

Alleged Against: All named Defendants involved including CPS, court staff, attorneys, and private parties

**SIXTY-FIRST CAUSE OF ACTION**

**Enterprise Involving CPS, Court Staff, and Private Parties (18 U.S.C. § 1962(c), (d))**

The coordinated conduct among public agencies and private actors—including social workers, GALs, and court officers—constitutes an "enterprise" under RICO. These individuals worked in concert with the common purpose of unlawfully severing Plaintiff's parental rights through fraudulent guardianship and ADA exclusion.

**Precedent:** United States v. Turkette, 452 U.S. 576 (1981); Boyle v. United States, 556 U.S. 938 (2009)

Alleged Against: CPS Defendants, County Agencies, Court Personnel, Private Guardian Petitioners

**SIXTY-SECOND CAUSE OF ACTION**

**Mail and Wire Fraud – Fraudulent Filings & Communications (18 U.S.C. §§ 1341, 1343)**

Defendants used U.S. mail and electronic communications to transmit knowingly false reports, fraudulent guardianship pleadings, and fabricated custody documents. These communications were central to the execution of the fraudulent scheme to strip Plaintiff of legal custody and deny her ADA accommodations.

**Precedent:** Bridge v. Phoenix Bond & Indemnity Co., 553 U.S. 639 (2008)

Alleged Against: Christopher Normand, CPS workers, GALs, court investigators

**SIXTY-THIRD CAUSE OF ACTION**

**Obstruction of Justice / Witness Tampering (18 U.S.C. §§ 1503, 1512)**

Several Defendants obstructed Plaintiff's ability to participate in court by ignoring filings, vacating hearings, and suppressing material facts. In addition, Plaintiff was retaliated against for asserting her rights, and third parties were dissuaded from testifying or submitting declarations.

**Precedent**: United States v. Aguilar, 515 U.S. 593 (1995); Arthur Andersen LLP v. United States, 544 U.S. 696 (2005)

Alleged Against: CPS supervisors, court officials, attorneys

**SIXTY-FOURTH CAUSE OF ACTION**

 **Predicate Acts Under RICO (Fraud, False Reports, Concealment) (18 U.S.C. § 1961(1))**

The acts detailed above—fraudulent court filings, misrepresentation in guardianship petitions, ADA non-compliance, and repeated obstruction—each constitute separate predicate acts that together form a pattern of racketeering activity as defined by 18 U.S.C. § 1961(5).

**Precedent:** Schlaifer Nance & Co. v. Estate of Warhol, 119 F.3d 91 (2d Cir. 1997); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)

Alleged Against: All Defendants named under RICO counts

//

//

//

//

//

# VI. JUDICIAL MISCONDUCT / SYSTEMIC CLAIMS

**SIXTY-FIFTH CAUSE OF ACTION**

**Extrinsic Fraud (Preventing Case from Being Heard) (Federal Common Law; Inherent Powers Doctrine)**

Defendants concealed Plaintiff's parental status and ADA needs, preventing her from participating in any meaningful way. This constitutes extrinsic fraud and renders all orders void ab initio.

**Precedent:** United States v. Throckmorton, 98 U.S. 61 (1878); Peralta v. Heights Medical Center, 485 U.S. 80 (1988)

Alleged Against: Judicial Officers, Probate Examiner Sheri Cruz, and Court Investigators

**SIXTY-SIXTH CAUSE OF ACTION**

**Denial of Access to Justice via ADA Barriers ( 42 U.S.C. § 12132; California Gov't Code § 11135)**

Despite notice of Plaintiff's disabilities, Defendants failed to provide reasonable accommodations, denied access to proceedings, and suppressed filings, violating Title II of the ADA and California disability law.

**Precedent:** Tennessee v. Lane, 541 U.S. 509 (2004); Clark v. California, 123 F.3d 1267 (9th Cir. 1997)

Alleged Against: Riverside and San Bernardino Superior Courts, Court Staff, CPS

**SIXTY-SEVENTH CAUSE OF ACTION**

**Pattern and Practice of Civil Rights Violations (42 U.S.C. § 14141 (pattern or practice enforcement))**

 The systemic exclusion of Plaintiff from judicial process, discriminatory ADA practices, and guardianship fraud reflect an institutional pattern and practice of violating the civil rights of disabled parents—supporting federal oversight or DOJ enforcement action.

**Precedent:** United States v. City of Los Angeles, 288 F.3d 391 (9th Cir. 2002)

**SIXTY-EIGHTH CAUSE OF ACTION**

**Failure to Train / Supervise (Monell Liability) ( 42 U.S.C. § 1983; Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978))**

Defendants failed to train and supervise court staff, investigators, and social workers in ADA compliance, due process, and parental rights protections, resulting in constitutional deprivations.

**Precedent:** City of Canton v. Harris, 489 U.S. 378 (1989)

Alleged Against: Riverside County, San Bernardino County, CPS Directors, Court Administration

**SIXTY-NINTH CAUSE OF ACTION**

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Bias / Discriminatory Practices by Court or Agency ( 42 U.S.C. §§ 1983, 12132; California Constitution, Art. I)**

Defendants consistently demonstrated racial and ableist bias against Plaintiff, a disabled Black mother. Court rulings and agency reports reflected stereotypes, omitted exculpatory facts, and disregarded due process protections.

**Precedent:** Batson v. Kentucky, 476 U.S. 79 (1986); Village of Arlington Heights v. Metro. Housing Dev. Corp., 429 U.S. 252 (1977)

Alleged Against: Judge Cohen, Judge Garcia, Probate Examiner Cruz, and CPS Investigators

**SEVENTIETH CAUSE OF ACTION**

**Violation of Public Trust Doctrine (California Constitution; Public Policy Principles)**

By enabling the illegal removal of a child, supporting a fraudulent guardianship, and violating due process and disability rights, Defendants breached their public duty to protect families and uphold justice. This conduct warrants both equitable relief and civil penalties.

**Precedent:** Lynch v. Household Finance Corp., 405 U.S. 538 (1972); People ex rel. Lockyer v. R.J. Reynolds Tobacco Co., 37 Cal.4th 707 (2005)

Alleged Against: All Government Agencies and Courts Involved

//

**VII. CHILD WELFARE & DEPENDENCY LAW VIOLATIONS**

**SEVENTY- FIRST CAUSE OF ACTION**

**Violation of WIC §§ 305–308 (Improper Custody)**

These provisions govern the lawful removal of a child without a court order. Under § 305, a child may only be taken into temporary custody by a peace officer or social worker when exigent circumstances exist. Defendants violated these provisions by seizing Plaintiff's child on May 7, 2023, without a warrant, exigent risk, or proper judicial authorization.

Precedent: Wallis v. Spencer, 202 F.3d 1126, 1138 (9th Cir. 2000) (children cannot be removed without prior judicial authorization unless there is specific, immediate threat of serious harm); Rogers v. County of San Joaquin, 487 F.3d 1288, 1297 (9th Cir. 2007)

Alleged Against: Riverside CPS, San Bernardino CPS, and assisting law enforcement

//

**SEVENTY-SECOND CAUSE OF ACTION**

**Failure to Investigate or Report Mandated Concerns (Cal. Penal Code §§ 11165.7, 11166; WIC § 328)**

Mandated reporters failed to properly investigate allegations of neglect and abuse raised against the guardian household, while simultaneously pursuing unsupported claims against Plaintiff. The failure to investigate credible concerns, combined with selective reporting, resulted in dangerous placement and further constitutional violations.

Precedent: Costanich v. Dep't of Soc. & Health Servs., 627 F.3d 1101, 1112 (9th Cir. 2010) (deliberate fabrication of child welfare reports violates due process)

Alleged Against: CPS workers, investigators, and assigned social workers

//

**SEVENTY-THIRD CAUSE OF ACTION**

**Violation of Family Code § 7892 (Unlawful TPR Attempt)**

This provision prohibits filing for termination of parental rights (TPR) unless the requirements of due notice, evidence of unfitness, and full adjudicatory hearings are met. Defendants conspired to terminate Plaintiff's parental rights by manufacturing a guardianship, evading dependency court, and proceeding without service, hearing, or findings—thus violating § 7892.

**Precedent:** Santosky v. Kramer, 455 U.S. 745 (1982) (requiring clear and convincing evidence of unfitness for TPR); M.L.B. v. S.L.J., 519 U.S. 102 (1996)

Alleged Against: CPS, GAL, and Guardian Petitioner(s)

//

**SEVENTY- FOURTH CAUSE OF ACTION**

**Lack of Background Checks (Probate Code § 1513 Violation)**

Section 1513 mandates a full investigation, including criminal background checks, for prospective guardians. Plaintiff asserts that no such checks were conducted, or they were knowingly ignored, allowing placement of the child in a home with individuals with serious criminal records, domestic violence history, and unvetted behavioral concerns.

Precedent: In re G.C., 216 Cal.App.4th 1391, 1399–1401 (2013) (failure to conduct proper assessment prior to guardianship placement violates statutory duties and risks harm)

Alleged Against: Court investigators, CPS, and Guardian Petitioner

//

**SEVENTY-FIFTH CAUSE OF ACTION**

**Improper Use of Guardianship to Evade Dependency Proceedings**

Legal Basis: Family Code, Probate Code, and Due Process Principles

Defendants engaged in an intentional scheme to bypass the constitutional and procedural protections of dependency court by misusing probate guardianship. This maneuver deprived Plaintiff of reunification services, counsel, and evidentiary hearings. Such tactics constitute a misuse of judicial process for the purpose of deprivation.

Precedent: Doe v. Lebbos, 348 F.3d 820 (9th Cir. 2003) (guardianship proceedings cannot be used to short-circuit dependency due process); In re Charlotte D., 45 Cal.App.5th 139 (2020)

Alleged Against: Court actors, Guardian Petitioner, CPS

//

**SEVENTY- SIXTH CAUSE OF ACTION**

**CPS Procedural Fraud / Ghost Dependency (WIC §§ 300–366.26; Procedural Due Process)**

Alleged Against: CPS, Social Workers, County Counsel

Defendants initiated a "ghost dependency" by orchestrating removal, placement, and case control without ever filing an official dependency case. This deprived Plaintiff of her right to court-appointed counsel, adjudicatory review, and appeal—despite full exercise of state power over custody. Such deception is a violation of both procedural and substantive due process.

Precedent: Ramirez v. County of Los Angeles, 397 F. Supp. 2d 1208 (C.D. Cal. 2005); Tamas v. Dep't of Social & Health Servs., 630 F.3d 833, 844–45 (9th Cir. 2010)

//

## VIII. EQUITABLE CLAIMS & EXTRAORDINARY RELIEF

//

**SEVENTY- SEVENTH CAUSE OF ACTION**

**Declaratory Judgment (28 U.S.C. § 2201)**

Plaintiff seeks a declaratory judgment establishing that the actions of Defendants—including seizure without warrant or hearing, fraudulent concealment of dependency, and misuse of probate guardianship—violated federal and state law. Declaratory relief is necessary to prevent future violations and clarify legal obligations.

**Precedent**: Steffel v. Thompson, 415 U.S. 452, 458–60 (1974) (declaratory relief appropriate to resolve constitutional disputes); Super Tire Engineering Co. v. McCorkle, 416 U.S. 115 (1974)

Alleged Against: Riverside CPS, San Bernardino CPS, County Counsel, Guardian Petitioner(s), Judicial Officers

//

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**SEVENTY-EIGHTH CAUSE OF ACTION**

**Injunctive Relief (FRCP Rule 65)**

Plaintiff seeks preliminary and permanent injunctive relief to halt the continued concealment of her child, prevent further ADA violations, and restore constitutionally protected custody. Injunction is necessary to avoid irreparable harm and because no adequate remedy at law exists.

**Precedent**: Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); McCormack v. Hiedeman, 694 F.3d 1004 (9th Cir. 2012)

Alleged Against: All defendants, including state actors and private parties involved in ongoing harm

//

**SEVENTY-NINTH CAUSE OF ACTION**

**Mandamus to Compel Agency Investigation or Correction (All Writs Act, 28 U.S.C. § 1651(a))**

Plaintiff requests a writ of mandamus to compel oversight agencies to investigate and correct violations by subordinate CPS actors, including procedural fraud, removal without process, and guardianship misuse. The agency has a nondiscretionary duty to act.

**Precedent**: Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004); Barron v. Reich, 13 F.3d 1370 (9th Cir. 1994)

Alleged Against: CPS supervisory personnel, state agencies

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**EIGHTIETH CAUSE OF ACTION**

**Constructive Trust (Over Misused Public Funds or Benefits) (Equitable Doctrine of Constructive Trust)**

Plaintiff alleges that Defendants received and misused public benefits (e.g., Title IV-E funds) by perpetuating unlawful custody and disability-based exclusion. Plaintiff seeks the imposition of a constructive trust over such misappropriated funds.

**Precedent**: Wells Fargo Bank v. D & M Cabinets, 177 Cal. App. 4th 59 (2009); United States v. Pegg, 812 F.2d 1469 (4th Cir. 1987)

Alleged Against: Guardian Petitioner(s), CPS agencies receiving federal/state funding

//

**EIGHTY-FIRST CAUSE OF ACTION**

**Estoppel by Misconduct (Equitable Estoppel under Federal and State Law)**

Defendants induced Plaintiff to rely on official assurances of due process and child welfare protections, then acted in contravention of those representations. Defendants are estopped from asserting lawful justification for their actions.

**Precedent**: Heckler v. Cmty. Health Servs., 467 U.S. 51 (1984); In re Marriage of Stevenot, 154 Cal.App.3d 1051 (1984)

Alleged Against: CPS, Guardian Petitioner(s), Court Officers

//

**EIGHTY-SECOND CAUSE OF ACTION**

**Judicial Estoppel (Common Law Equitable Doctrine)**

Defendants advanced contradictory factual and legal positions in multiple court proceedings—first denying dependency jurisdiction, then asserting state control over custody—warranting judicial estoppel.

**Precedent**: New Hampshire v. Maine, 532 U.S. 742 (2001); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778 (9th Cir. 2001)

Alleged Against: Guardian Petitioner(s), County Counsel

**EIGHY-THIRD CAUSE OF ACTION**

83. Collateral Estoppel (Inconsistent Govt Positions)

**Legal Basis:** Federal Common Law Doctrine of Issue Preclusion

Alleged Against: CPS, Guardian Petitioner(s)

Summary: Government actors are barred from relitigating factual issues resolved in Plaintiff's favor in administrative or related proceedings, including parental fitness, lack of dependency court adjudication, and ADA eligibility.

Precedent: Allen v. McCurry, 449 U.S. 90 (1980); Lucido v. Superior Court, 51 Cal.3d 335 (1990)

//

//

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**EIGHTY – FOURTH CAUSE OF ACTION**

Laches or Unclean Hands (Petitioner Abuse)

**Legal Basis:** Equitable Doctrines of Laches and Unclean Hands

Alleged Against: Guardian Petitioner(s), Court Officers

Summary: Guardian actors delayed, misrepresented facts, and misused legal process, barring their continued claims to custody and control. Their misconduct constitutes unclean hands and triggers equitable bars to relief.

Precedent: Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806 (1945); Campbell v. Superior Court, 132 Cal.App.4th 904 (2005)

**EIGHTY – FIFTH CAUSE OF ACTION**

Void Judgment Doctrine (Lack of Jurisdiction or Notice)

**Legal Basis**: Due Process Clause, FRCP Rule 60(b)(4)

Alleged Against: Probate Court, Guardian Petitioner(s), Court Clerks

Summary: Any guardianship order or custody-related judgment obtained without personal jurisdiction, service of process, or subject-matter jurisdiction is void. Plaintiff never received notice or hearing, rendering all orders constitutionally infirm.

Precedent: United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010); Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)

//

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**EIGHT- SIXTH CAUSE OF ACTION**

Rule 60(b)(3) – Fraud / Misrepresentation in Court Orders

**Legal Basis:** Federal Rule of Civil Procedure 60(b)(3)

**Alleged Against:** Guardian Petitioner(s), Court Filers, CPS

**Summary:** Plaintiff seeks relief from judgments or orders procured through fraud, misrepresentation, or misconduct—specifically relating to concealment of CPS involvement, suppression of exculpatory records, and false sworn statements in court filings.

**Precedent:** Gonzalez v. Crosby, 545 U.S. 524 (2005); In re M/V Peacock, 809 F.2d 1403 (9th Cir. 1987)

## IX. EMERGING TORTS & STRATEGIC CLAIMS

**EIGHTY-SEVENTH CAUSE OF ACTION**

**Reckless Endangerment of a Vulnerable Adult**

**Legal Basis:** Common Law Tort; Elder/Vulnerable Adult Protection Principles

**Alleged Against**: CPS Agents, Supervisors, County Officials

Summary: Defendants knowingly subjected Plaintiff, a disabled and vulnerable adult, to harmful conditions including forced separation from her child, psychological trauma, and institutional abandonment, despite known risks and protected status.

**Precedent:** People v. Rippberger, 231 Cal.App.3d 1667 (1991); Rolf D. v. Lampert Y., 145 Cal.App.3d 201 (1983)

**EIGHTY-EIGHTH CAUSE OF ACTION**

 **Pattern of Psychological Abuse (State-Sanctioned Trauma)**

**Legal Basis: Emerging Tort Theory; Civil Rights Framework**

**Alleged Against: CPS, Guardian Petitioners, Judicial Officers**

**Summary:** Defendants engaged in a sustained course of action—endorsed or ignored by state actors—that caused severe emotional and psychological harm through repeated separation, denial of services, and threats, constituting state-sanctioned trauma.

Precedent: Hope v. Pelzer, 536 U.S. 730 (2002); Wood v. Ostrander, 879 F.2d 583 (9th Cir. 1989)

**EIGHTY-NINTH CAUSE OF ACTION**

 **Intentional Tort for Exploitation of Disabled Parent**

Legal Basis: Common Law Intentional Tort; ADA Principles

Alleged Against: Guardian Petitioners, CPS Actors

Summary: Plaintiff was deliberately targeted and exploited by defendants who used her disability status to fabricate unfitness, secure control over her child, and circumvent oversight, resulting in severe harm.

Precedent: Olmstead v. L.C., 527 U.S. 581 (1999); Robles v. Employment Dev. Dep't, 124 Cal.App.4th 365 (2004)

**NINTIETH CAUSE OF ACTION**

**Violation of Public Policy (Common Law & CA Constitution)**

Legal Basis: Tameny v. Atlantic Richfield Co., 27 Cal.3d 167 (1980); Cal. Const. art. I, § 7

Alleged Against: All Defendants

Summary: Defendants violated fundamental public policies safeguarding due process, parental rights, and disability protections by engaging in unlawful seizure, concealment, retaliation, and misrepresentation.

Precedent: Green v. Ralee Eng'g Co., 19 Cal.4th 66 (1998); Tameny, supra

**NINETY – FIRST**

**Fraudulent Abuse of Government Process**

Legal Basis: Common Law Abuse of Process; Civil Fraud

Alleged Against: County Counsel, CPS Actors, Guardian Petitioner

Summary: Government processes (e.g., court filings, custody claims) were deliberately misused through deception, false statements, and omission of material facts to obtain unlawful custody and harm Plaintiff.

Precedent: Younger v. Solomon, 38 Cal.App.3d 289 (1974); Barquis v. Merchants Collection Assn., 7 Cal.3d 94 (1972)

**NINETY SECOND CAUSE OF ACTION**

**Child Abduction by Public Officer (Penal Code §§ 278/278.5)**

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**Legal Basis:** Cal. Penal Code §§ 278, 278.5 (civil application)

**Alleged Against:** CPS Workers, Law Enforcement

Summary: Plaintiff alleges unlawful removal and concealment of her minor child by public officers without proper court order, warrant, or exigent circumstances, constituting abduction under state law.

**Precedent:** In re Andrew M., 81 Cal.App.4th 877 (2000); In re B.G., 11 Cal.3d 679 (1974)

**NINETY THIRD CAUSE OF ACTION**

**Denial of Due Process in Guardianship**

Legal Basis: 14th Amendment; Cal. Prob. Code §§ 1510 et seq.

Alleged Against: Probate Court, Guardian Petitioner(s), County Counsel

Summary: Plaintiff was denied procedural due process—including notice, hearing, and opportunity to respond—when guardianship orders were obtained without lawful service, representation, or adjudication.

Precedent: Mullane v. Central Hanover Bank, 339 U.S. 306 (1950); Lassiter v. Dept. of Soc. Servs., 452 U.S. 18 (1981)

**NINETY FOURTH CAUSE OF ACTION**

**Failure to Correct Known Falsehoods (Supervisory Liability)**

**Legal Basis:** 42 U.S.C. § 1983; Monell Liability

**Alleged Against:** CPS Supervisors, County Directors, Legal Counsel

**Summary:** Supervisory officials failed to intervene or correct known falsehoods propagated by subordinates in court documents, reports, and sworn affidavits, contributing to Plaintiff's ongoing harm.

**Precedent:** Taylor v. List, 880 F.2d 1040 (9th Cir. 1989); Hydrick v. Hunter, 669 F.3d 937 (9th Cir. 2012).

**NINETY FIFTH CAUSE OF ACTION**

**Use of Civil Court to Evade Criminal or Dependency Safeguards**

**Legal Basis:** 14th Amendment; Cal. WIC §§ 300 et seq.; Due Process Clause

**Alleged Against:** CPS, County Counsel, Guardian Petitioner

**Summary:** Defendants circumvented dependency procedures—such as mandated filings, notice, and reunification efforts—by using probate court and civil litigation to achieve permanent separation of mother and child.

Precedent: Santosky v. Kramer, 455 U.S. 745 (1982); M.L.B. v. S.L.J., 519 U.S. 102 (1996).

**NINETY SIXTH CAUSE OF ACTION**

**Violation of California Gov. Code § 11135 (Disability)**

**Legal Basis:** Cal. Gov't Code § 11135

**Alleged Against:** CPS Agencies Receiving State Funds

**Summary:** Plaintiff was denied equal access to programs and services administered by state-funded entities due to her disability, in violation of California's analogue to Section 504 of the Rehabilitation Act.

**Precedent:** Gov. Code § 11135(b); Mark H. v. Lemahieu, 513 F.3d 922 (9th Cir. 2008)

**NINETY SEVENTH CAUSE OF ACTION**

**Violation of California Civil Code § 51 (Unruh Civil Rights Act)**

**Legal Basis: Cal. Civ. Code § 51**

**Alleged Against:** CPS, Public Agencies, Guardian Petitioner(s)

**Summary:** Plaintiff, a disabled individual, was denied full and equal access to public accommodations and services due to her disability and race, violating the Unruh Civil Rights Act.

**Precedent:** Koebke v. Bernardo Heights Country Club, 36 Cal.4th 824 (2005); Angelucci v. Century Supper Club, 41 Cal.4th 160 (2007)

**NINETY EIGHTH CAUSE OF ACTION**

**Violation of California Civil Code § 52.1 (Bane Act)**

**Legal Basis:** Cal. Civ. Code § 52.1

**Alleged Against:** CPS, Guardian Petitioners, Law Enforcement

**Summary:** Defendants interfered with Plaintiff's constitutional and statutory rights through intimidation, coercion, and threats, including disability-related retaliation and procedural abuse.

**Precedent:** Venegas v. County of Los Angeles, 32 Cal.4th 820 (2004); Cornell v. City and County of San Francisco, 17 Cal.App.5th 766 (2017)

**NINETY NINTH CAUSE OF ACTION**

 Disparate Impact Discrimination (FHA/ADA Overlap)

Legal Basis: Fair Housing Act (42 U.S.C. § 3604), ADA Title II

Alleged Against: CPS, Shelter Providers, County Programs

Summary: Plaintiff suffered adverse treatment from policies that, while neutral on their face, disproportionately harmed her due to disability status, violating anti-discrimination statutes.

Precedent: Texas Dept. of Housing v. Inclusive Communities Project, Inc., 576 U.S. 519 (2015); Tsombanidis v. W. Haven Fire Dep't, 352 F.3d 565 (2d Cir. 2003)

**ONE HUNDRETH CAUSE OF ACTION**

 **Whistleblower Retaliation (Public Advocacy on Agency Failures)**

**Legal Basis: First Amendment; Labor Code § 1102.5; 42 U.S.C. § 1983**

**Alleged Against**: CPS, Supervisors, County Counsel

Summary: Plaintiff suffered retaliation for protected whistleblower activity, including reporting agency misconduct, fraud, and noncompliance with federal housing/disability laws.

Precedent: Pickering v. Board of Education, 391 U.S. 563 (1968); Greene v. Doruff, 660 F.3d 975 (7th Cir. 2011)

//

**ONE HUNDRED -FIRST CAUSE OF ACTION**

**Chilling Effect on Constitutional Advocacy**

Legal Basis: First Amendment; 42 U.S.C. § 1983

Alleged Against: CPS, Guardian Petitioners, Law Enforcement, Court Staff

Summary: Defendants engaged in conduct intended to suppress, discourage, or penalize Plaintiff's exercise of constitutional rights—particularly advocacy under the ADA, pursuit of custody, and redress through courts.

Precedent: Wilson v. Garcia, 471 U.S. 261 (1985); CarePartners, LLC v. Lashway, 428 F. Supp. 3d 922 (W.D. Wash. 2019)

**SECTION XI: DAMAGES AND INJURIES**

Plaintiff Courtney Ryles Caal has sustained severe, ongoing, and multifaceted injuries as a direct and proximate result of the unlawful acts, omissions, and conspiratorial conduct of Defendants, including local and state child welfare agencies, law enforcement, court officers, and private individuals acting under color of state law.

**A. Emotional and Psychological Harm**

Plaintiff has endured over 700 days of continuous emotional trauma resulting from the unlawful seizure, concealment, and retention of her minor child. This trauma includes but is not limited to:

- Severe anxiety and depression

- Post-traumatic stress symptoms

- •    Ongoing grief and psychological anguish

- •    Loss of familial companionship and emotional bond with her child

- •    Sleep disturbances and panic attacks

This harm is compounded by Plaintiff's status as a disabled parent, as the deprivation of her parental rights intersects with systemic discrimination and ADA violations, further deepening psychological distress.

**B. Physical and Health-Related Harm**

As a disabled individual, Plaintiff has experienced exacerbation of existing physical conditions due to elevated stress, compounded by:

- •    Denial of access to healthcare and accommodations during court proceedings

- •    Increased health complications due to lack of ADA access

- •    Emotional distress manifesting in somatic symptoms

**C. Loss of Liberty and Constitutional Rights**

Plaintiff's constitutional rights have been violated in numerous ways, including but not limited to:

- •    Loss of parental custody and control without due process

- •    Denial of access to courts and legal redress

- •    Deprivation of her child without lawful adjudication

- • Discriminatory treatment on the basis of disability, race, and protected speech

**D. Economic and Financial Losses**

- Plaintiff has incurred financial hardship due to being excluded from public services and programs designed to support parents
- Loss of income and employment opportunities due to time spent fighting unlawful actions and preparing pro se litigation
- Costs of transportation, legal filings, medical treatment, and trauma-related care
- Unreimbursed out-of-pocket expenses associated with efforts to reunify with her child

**E. Reputational and Social Harm**

- Plaintiff's reputation has been irreparably damaged by false narratives, defamatory filings, and misrepresentations in court reports and proceedings
- Plaintiff has experienced public stigma, isolation, and loss of community support
- The prolonged concealment of her child and absence of a lawful judicial remedy have cast unwarranted suspicion on her fitness as a parent

**F. Harm to the Minor Child**

- Though not the direct plaintiff, the minor child has suffered:
- Loss of parental guidance, nurturing, and familial identity
- Psychological confusion and institutional trauma due to abrupt separation
- Exposure to unsafe or unvetted environments due to failure of background checks
  - • Denial of maternal contact, cultural heritage, and disability accommodations

**G** Future Harm and Irreparable Injury

Unless this Court grants immediate injunctive relief, the following irreparable harms are likely and imminent:

- Permanent loss of custody without due process, risking unlawful termination of parental rights;

- Deep and lasting damage to the parent-child bond, including trauma from prolonged separation;

- Psychological injury to the child caused by identity confusion, forced detachment, and emotional instability;

- Increased risk of abuse or neglect due to placement with individuals with confirmed criminal histories;

- Entrenchment of systemic discrimination against Plaintiff based on disability, socioeconomic status, and protected speech;

- Barriers to reunification and legal remedy, as delayed relief compounds procedural prejudice;

- Violation of constitutional rights that no monetary remedy can cure, including rights under the First, Fourth, and Fourteenth Amendments;

- Loss of a critical developmental window for the child, during which maternal presence, emotional security, and cultural identity formation are irreplaceable.

**SECTION XII: PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Courtney Ryles Caal respectfully prays that this Court enter judgment in her favor and against all named Defendants, jointly and severally, and award the following relief:

**A. Declaratory Relief**

1. A declaration that the May 7, 2023 seizure of Plaintiff's minor child was unlawful and violated the Fourth and Fourteenth Amendments.

2. A declaration that the Probate Court's actions, including the March 3, 2025 Order and related filings, are void for lack of jurisdiction under the UCCJEA and due to ADA noncompliance.

3. A declaration that Defendants' actions constitute ongoing violations of 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act, and the Fair Housing Act (FHA).

4. A declaration that the guardianship proceeding is constitutionally and statutorily defective and must be vacated in full.

//

//

//

//

**B. Injunctive Relief (Preliminary and Permanent)**

5.  An order immediately staying or vacating the guardianship established pursuant to the May 8, 2023 petition.

6.  An order directing the immediate reunification of Plaintiff and her minor child, unless and until a lawful dependency hearing is convened pursuant to WIC § 300 et seq. with full ADA accommodations.

7.  An order restraining all named Defendants from initiating or continuing any custody or guardianship proceedings without complying with due process, ADA Title II, and Section 504 mandates.

8.  An order compelling Defendants to correct the public record, including removal of false reports, dockets, and agency filings that misrepresent Plaintiff's parental fitness, disability status, or criminal history.

9.  An order directing training for CPS, court staff, and law enforcement on ADA compliance and constitutional protections in guardianship and dependency cases.

**C. Compensatory Damages**

10. For emotional distress, trauma, and psychological harm: in an amount exceeding $1,000,000, to be determined by the trier of fact.

11. For economic losses, including out-of-pocket expenses, loss of income, and legal costs: in an amount exceeding $250,000.

12. For reputational harm and damage to familial integrity: in an amount to be determined at trial.

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

13. For ADA discrimination and systemic denial of services: in an amount to be
determined by the trier of fact, pursuant to 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

//

**D. Punitive and Treble Damages**

14. An award of **punitive damages** against all individual Defendants whose conduct was
willful, malicious, or in reckless disregard of Plaintiff's rights;

15. An award of **treble damages** under applicable federal and California law, including:

- **42 U.S.C. §§ 1985–1986** (conspiracy and failure to prevent);

- **Cal. Civ. Code §§ 52, 3345**, and related statutes protecting disabled individuals and
victims of intentional misconduct;

An amount sufficient to deter future misconduct, to be determined at trial.

**E. Statutory Penalties and Fees**

8. Statutory damages and penalties for ADA and civil rights violations;

9. Attorneys' fees and costs pursuant to:

  - **42 U.S.C. § 1988** (Civil Rights Attorney's Fees Award Act);

  - **42 U.S.C. § 12205** (ADA);

  - **29 U.S.C. § 794a(b)** (Section 504 of the Rehabilitation Act);

o    Any other applicable statutory or equitable basis;

**F. Costs and Attorney's Fees**

16. An award of reasonable costs and pro se litigation expenses pursuant to 42 U.S.C. § 1988(b), the ADA, and all applicable provisions of law.

17. A grant of leave to request appointment of counsel for equitable proceedings and post-trial motions.

**G. Additional and Equitable Relief**

- Creation of a constructive trust over any government funds or benefits obtained through fraud or misrepresentation related to this guardianship.
- An order requiring CPS and court agencies to perform audits and release unredacted records to the Plaintiff.
- Any further relief the Court deems just, proper, and necessary to prevent future harm and to fully restore Plaintiff's parental rights, dignity, and equal protection under law.

**VERIFICATION**

I, Courtney Ryles Caal, declare under penalty of perjury that I am the Plaintiff in the above-entitled action. I have read the foregoing Verified Complaint and know the contents thereof. The facts stated therein are true and correct of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

1

2

3    Executed on this ___ day of _____, 2025, at San Bernardino, California.

4

5

6                                                              Courtney Ryles Caal

7                                                              Plaintiff in Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22    **SECTION XIV: INDEX OF SUPPORTING EXHIBITS AND EVIDENCE**

23

24    (Filed concurrently with Complaint and incorporated by reference into all causes of action)

25    Plaintiff submits the following exhibits as direct support for factual allegations, jurisdictional

26    objections, and causes of action stated throughout this Complaint:

27

28

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

1
2
3

**EXHIBIT 1 – MAY 8, 2023 GUARDIANSHIP PETITION**

4
5

• Filed in Riverside County Probate Court

6

• Initiated guardianship over Plaintiff's minor child without jurisdiction

7
8

• Omitted CPS involvement, ADA status of Plaintiff, and prior dependency history

9
10

• Materially misrepresents the "routine" nature of child placement following warrantless seizure

11
12
13

**EXHIBIT 2 – MAY 8, 2023 UCCJEA DECLARATION**

14
15

• Confirms child's "home state" was San Bernardino, not Riverside

16
17

• Fails to disclose existing CPS proceedings or custody orders

18

• Violates UCCJEA provisions under Cal. Fam. Code §§ 3402–3421

19
20

//

21
22

//

23

**EXHIBIT 3 – "NO DOCKET" FILING**

24
25

• Verifies that no juvenile dependency case was filed or active at the time of guardianship

26
27

• Confirms guardianship was used to bypass WIC §§ 300–366.26 protections

28

• Suggests intentional concealment or docket manipulation

**EXHIBIT 4 – JANUARY 2, 2025 PROBATE CODE § 1513(b) REPORT**

• Fails to include required background checks, home study, or reunification analysis

•  adult household criminal history

• Ignores Plaintiff's parental rights, objections, and ADA disability status

**EXHIBIT 5 – FEBRUARY 14, 2025 § 1513(b) SUPPLEMENTAL REPORT**

• Admits no criminal background clearance from CFS was provided

• Maintains prior omissions and offers no corrective disclosures

• Demonstrates systemic noncompliance with Probate Code § 1513(b)

**EXHIBIT 6 – MARCH 3, 2025 COURT ORDER**

• Reaffirms guardianship without addressing jurisdictional, ADA, or due process defects

• Fails to investigate the improper seizure or Plaintiff's legal objections

• Illustrates court's reliance on void proceedings and suppressed evidence

*EX PARTE APPLICATION FOR LEAVE TO EXCEED PAGE LIMITATION*

*[Local Rule 11-6; Fed. R. Civ. P. 7]*

**EXHIBIT 7 – POLICE REPORT / INCIDENT SUMMARY (May 7, 2023)**

• Confirms child was taken without warrant or court order

• Indicates presence of concealed law enforcement officer (San Bernardino Sheriff, Ofc. Shannon)

• No documentation of exigency, probable cause, or notice to parent


**EXHIBIT 8 – PLAINTIFF'S WRITTEN ADA ACCOMMODATION REQUESTS**

• Sent to Riverside and San Bernardino agencies and/or court

• Includes documentation of disability, barriers to access, and legal objections

• Demonstrates systemic refusal to accommodate disabled parent in proceedings

**EXHIBIT 9 – SWORN DECLARATIONS FROM PLAINTIFF AND WITNESSES**

• Details seizure of the child, procedural violations, and emotional distress

• Supports IIED, NIED, ADA violations, and unlawful seizure claims

• Affirms Plaintiff's status as biological mother with no TPR or dependency adjudication