**JS6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Courtney Ryles Caal,<br><br>PLAINTIFF(S)<br>v.<br><br>Riverside County Superior Court, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br><br>5:25-cv-00900-RGK-PVC<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Plaintiff reports monthly income of $264 compared to average monthly expenses of $2,305. No explanation is apparent for this significant monthly shortfall.

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
   ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
   ☐ The action is frivolous or malicious.
   ☐ The action fails to state a claim upon which relief may be granted.
   ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

April 14, 2025                                                   *Gary Klausner*
_____                    _____
Date                                                                United States District Judge

On April 10, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.) This action arises from a guardianship proceeding in state court involving Plaintiff's child. (ECF No. 1 at 2.) On May 8, 2023, Plaintiff's brother filed a probate guardianship petition for the child with the San Bernardino County Probate Court and was subsequently appointed the guardian. (Id. at 13, 28.) The case then was transferred to the Riverside County Superior Court, where it remains ongoing. (ECF No. 23 at 5, 7, 14-15.) Plaintiff has been separated from her child for more than 700 days. (ECF No. 1 at 2.) Plaintiff raises 101 causes of action, for civil rights violations, disability discrimination, denial of parental rights, and several other claims. (Id. at 33.) Plaintiff seeks the restoration of her lawful custody as well as "federal oversight" and "direct federal court intervention." (Id. at 3; ECF No. 23 at 26, 30.)

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996) (per curiam). Abstention under Younger v. Harris, 401 U.S. 37 (1971), is "essentially a jurisdictional doctrine . . . [that] determine[s] when the federal courts must refrain from exercising jurisdiction." Canatella v. California, 404 F.3d 1106, 1113 (9th Cir. 2005). A federal court may raise abstention on its own motion. Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976). Abstention under Younger is required if the state proceedings are "(1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." San Remo Hotel v. City and County of San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998).

Here, the requirements are met. The guardianship proceeding is ongoing. (ECF No. 23 at 5, 14-15.) The state proceeding implicates important state interests. See Moore v. Sims, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern."). Plaintiff "[has] an adequate state forum in which to pursue [her] federal claims." H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (Younger abstention was warranted where Plaintiff in child custody proceeding had an adequate forum in the California courts to pursue federal claims). Thus, abstention is required. "This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, and in which the state courts have a special expertise and experience." Gordon, 203 F.3d at 613 (citations omitted); see also Hernandez v. Kylm, 2024 WL 29226194, at *1 (E.D. Wash. June 10, 2024) ("[T]o the extent Plaintiff is asking this Court to intervene in an ongoing state guardianship proceeding pending before the [state court], this Court must abstain under the doctrine set forth in Younger[.]") For these reasons, the Complaint is dismissed.

Finally, leave to amend is not warranted. Because abstention is required, amendment would be futile. See San Remo Hotel, 145 F.3d at 1103 (amendment is futile where Younger abstention is required). Moreover, Plaintiff desires "wholesale federal intervention into an ongoing state domestic dispute. . . . This is not the proper business of the federal judiciary." H.C. ex rel. Gordon, 203 F.3d at 613-14. Thus, the Complaint is dismissed without leave to amend, and this action is dismissed without prejudice.